No. 12524

IN THE SUPREME COURT OF THE STATE OF MONTANA

1973

---

STATE OF MONTANA ex rel CLAYTON V. ROMERO,

Petitioner,

-vs -

DISTRICT COURT OF THE EIGHTH JUDICIAL
DISTRICT OF THE STATE OF MONTANA, IN AND
FOR THE COUNTY OF CASCADE-TRUMAN G. BRADFORD,
JUDGE THEREOF, and JIMMIE McBRIDE,

Defendants.

---

ORIGINAL PROCEEDING:

Counsel of Record:

For Petitioner:

Hoyt, Bottomly and Gabriel, Great Falls, Montana
R. V. Bottomly argued, Great Falls, Montana

For Defendants:

Cure and Borer, Great Falls, Montana
Orin R. Cure argued, Great Falls, Montana

---

Submitted: June 20, 1973

Decided: JUL 13 1973

Filed: JUL 13 1973

Thomas J. Kearney
Clerk

Mr. Chief Justice James T. Harrison delivered the Opinion of the Court.

This is an original proceeding brought on the relation of Clayton V. Romero seeking a writ of supervisory control directed to the respondents. After an ex parte hearing on June 4, 1973, we issued an order to show cause setting a hearing for June 20, 1973, to determine whether a writ of supervisory control or other appropriate writ should be issued.

Petitioner's ground, for seeking relief is that the district court made a mistake of law which, if allowed to stand, would inflict a gross injustice upon petitioner. Petitioner alleges that he would be compelled to proceed to trial based upon his complaint, and the respondent Jimmie R. McBride would have available to him the defenses of assumption of risk and contributory negligence as contained in respondent's answer. Petitioner further states that his remedy by appeal after final judgment is wholly inadequate and such a remedy would be tantamount to a denial of justice.

The district court action arose out of an accident which occurred on a dryland wheat farm in Liberty County, Montana on or about August 21, 1969. Petitioner, Clayton V. Romero, was employed by the respondent Jimmie R. McBride in a custom combining operation. That is, McBride would contract with various farmers to combine some or all of their wheat. In this particular case, the farmer involved had several combines of his own working and simply hired McBride to combine certain acreage and haul the grain to an on-the-farm granary where it was to be stored. Romero had been employed by McBride in the State of Oklahoma and had been working for McBride for over a month. His job at the time was to haul grain in one of McBride's trucks to a granary where he would dump the grain into the hopper of a grain auger. The grain auger was powered by a tractor and elevated the grain out of the hopper into the granary. Romero was seriously injured when his left hand was caught in the unguarded grain auger. McBride did not carry Workmen's Compensation insurance either in the State of Oklahoma or the State of Montana.

The issue presented to this Court is whether or not an employee of a custom combiner is excluded from recovery as being an agricultural employee,

- 2 -

under the Montana Workmen's Compensation Act.

Section 92-202, R.C.M. 1947, states:

"Defenses not excluded in personal injury action
against employer in nonhazardous occupation and
certain other occupations. The provisions of sec-
tion 92-201 shall not apply to actions to recover
damages for personal injuries sustained by house-
hold and domestic servants or those employed in
farming, dairying, agricultural, viticultural,
and horticultural, stock or poultry raising, or
engaged in the operation and maintenance of steam
railroads conducting interstate commerce, or
persons whose employment is of a casual nature."

Section 92-201, R.C.M. 1947, states:

"Defenses excluded in personal injury action--
negligence of employee--fellow servant--assump-
tion of risk. In an action to recover damages for
personal injuries sustained by an employee in the
course of his employment, or for death resulting
from personal injuries so sustained, it shall not
be a defense:

"(1) That the employee was negligent, unless such
negligence was willful;

"(2) That the injury was caused by the negligence of
a fellow employee;

"(3) That the employee had assumed the risks inherent in,
incident to, or arising out of his employment, or arising
from the failure of the employer to provide and maintain
a reasonably safe place to work, or reasonably safe tools
or appliances."

This Court finds that the legislature in 1915, at the time of the

passage of the Workmen's Compensation Act, intended to include in the exclu-

sion of section 92-202, R.C.M. 1947, the normal activities and operation of

the farm or ranch by the owner and his employees as well as exchange of work

and labor in other casual farm related activities. We believe that the

legislature did not intend to include custom combining. Custom combining

is a business requiring large sums to be invested in combines, trucks,

trailers and allied machinery. This custom combiner started his season in

early spring in the south and proceeded north through the midwest and on to

the site of this accident. Nothing in this work is associated with the

custom combiner's own farm operation.

We hold that custom combining is a hazardous business operation and

as such the employer is required to carry Workmen's Compensation and in the absence of such coverage, the employer loses all common law defenses as provided by section 92-201, R.C.M. 1947, hereinbefore quoted.

The statute applying to inherently hazardous occupations is section 92-301, R.C.M. 1947 /which states:

> "Act applies to all inherently hazardous occupations as enumerated. This act is intended to apply to all inherently hazardous works and occupations within this state, and it is the intention to embrace all thereof in the four following sections, and the work and occupations enumerated in said sections are hereby declared to be hazardous, and any employer having workmen engaged in any of the hazardous works or occupations herein listed shall be considered as an employer engaged in hazardous works and occupations as to all his employees."

Sections 92-302, 92-303, 92-304, 92-305, and 92-306, R.C.M. 1947, enumerate many occupations which are specifically declared to be hazardous and conclude with the following:

> "If there be or arise any hazardous occupation or work other than hereinbefore enumerated, it shall come under this act and its terms, conditions, and provisions as fully and completely as if hereinbefore enumerated."

From these sections of the Revised Codes of Montana we hold that custom combining does come within the purview of the Workmen's Compensation Act. Workmen's Compensation laws, as with other social legislation, are to be interpreted liberally in order to provide as wide a coverage as is possible to the workers of this State. Naturally, of course, this liberal interpretation must fall within the bounds set by statutes of our legislature. Section 92-202, R.C.M. 1947, hereinbefore quoted, specifically excludes:

> " * * * personal injuries sustained by * * * those employed in farming, dairying, agricultural, viticultural, and horticultural, stock or poultry raising * * *".

In this particular action, we have a custom combiner who indepently contracts to cut a farmer's wheat, and in the course of this operation one of his employees is injured. The custom combiner is not employed in farming. He is harvesting a crop which he did not raise, nor own. The custom combiner was merely providing a service to the farmer who hired him. This is the only issue to which this Court addresses itself, i.e., a custom combiner is not

- 4 -

excluded from the Workmen's Compensation laws on the ground that he is engaged in agricultural employment.

An extensive annotation on the application of Workmen's Compensation Acts to employees engaged in farming appears in 107 A.L.R. 977. Among the many cases therein discussed is Nace v. Industrial Commission, 217 Wis. 267, 258 N.W. 781. In that case the Wisconsin Supreme Court stated:

> " * * * Decisions of other courts in compensation cases
> are ordinarily not helpful because of differences be-
> tween the language of the acts involved and our act. * * *"

This observation is certainly applicable here but we feel that the better reasoned authorities support our position.

For example, one of the later cases is that considered by the Oregon Supreme Court in Westfall v. Tilley, 4 Or.A. 48, 9 /476 P.2d 797, 801 (1970). That case involved a custom soil fumigating and weed spraying business and simultaneously the defendant conducted a bulb farm operation. The claimant was injured while unloading fumigating drums from the bed of a truck. The Court, in denying that the work was excluded under their Workmen's Compensation Act stated:

> "In determining each case whether work done is incidental
> to farming within the Act, the test is the particular
> farming activity engaged in by that workman's own employer,
> not whether the work may be considered incidental to
> farming in general. * * *"

In the case at hand Romero was injured while in the employment of Jimmie McBride, the custom combiner. This injury was incurred independently from any farming operation. McBride was an independent contractor, and to deny the petitioner, Romero, relief would appear to be improper.

For this reason, the Court grants petitioner relief and directs the district court to overrule the order denying the motion to strike respondent's defenses of contributory negligence and assumption of risk.

Let an appropriate writ issue.

_____
Chief Justice

- 5 -

We concur:

Gene B. Daly

Frank I. Haswell

Wesley Castles

John Conway Harrison

Associate Justices

- 6 -