No. 13372

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

---

CAROLYN L. CRITTENDON,

Claimant and Appellant,

-vs-

CITY OF BUTTE, Employer and
STATE COMPENSATION INSURANCE FUND,

Defendant and Respondent.

---

Appeal from:   Workers' Compensation Court
               William E. Hunt, Judge

Counsel of Record:

For Appellant:

Burgess, Joyce, Prothero, Whelan and O'Leary,
Butte, Montana
Frank Burgess argued, Butte, Montana

For Respondent:

Thomas Keegan argued, Helena, Montana

---

Submitted:  January 12, 1977

Decided:  JAN 20 1977

Filed:  JAN 20 1977

_Thomas J. Kearney_
Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

Claimant, a meter maid for the City of Butte, was injured on January 16, 1973, when a parking violator drove his Volkswagen over her left foot while being ticketed. The Workers' Compensation Court granted claimant an 8% permanent partial disability as compared to amputation of the foot at the ankle following a hearing on January 20, 1976. Claimant appeals.

At issue is the sufficiency of the evidence to support the disability rating.

Dr. Charles R. Canty, an orthopedic surgeon and claimant's treating physician, testified that " * * * there would be perhaps a slight permanent partial impairment of the function of her foot, ankle, leg as a result of the accident." but declined to fix the percentage of disability because he had not seen claimant for almost three years. Dr. Philip A. Blom, a chiropractor who examined claimant in December, 1973, testified that claimant had suffered a 23% permanent partial impairment to the foot and ankle based upon the guidelines of the Manual for Orthopedic Surgeons in the Rating of Physical Impairment.

We hold that testimony indicating " * * * perhaps a slight permanent partial impairment of function * * *" does not support a fixed percentage rating at any figure. Converting such testimony into a percentage disability rating is pure speculation for obvious reasons. Accordingly, we vacate the 8% permanent partial disability rating and the resulting monetary award.

Neither can we sustain claimant's contention that the only remaining evidence is the 23% rating of Dr. Blom which must be accepted. Dr. Blom's testimony is inherently self-contradictory. After testifying that he used the guidelines of the Manual for Orthopedic Surgeons in the Rating of Physical Impairment which

uses range of motion and atrophy as the rating criteria, he testified that the "Range of motion of the ankle was within normal means * * *" and that he found no fibrotic condition or osteoarthritis in the foot and ankle. The Workers' Compensation Court rejected the rating of Dr. Blom by its findings. The credibility of the witnesses and the weight to be given their testimony is exclusively for the trier of the facts. Bender v. Roundup Mining Co., 138 Mont. 306, 356 P.2d 469; Dean v. Anaconda Co., 135 Mont. 13, 335 P.2d 854.

This case is remanded to the Workers' Compensation Court for a hearing and determination of the degree of permanent partial disability and the amount of compensation payable to claimant.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices