No. 13671

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

HARLEN JENSEN,

Claimant and Respondent,

-vs-

ZOOK BROTHERS CONSTRUCTION CO.,
Employer, and ARGONAUT INSURANCE COMPANY,

Defendant and Appellant.

Appeal from:   Workers' Compensation Court
               Honorable William E. Hunt, Judge presiding.

Counsel of Record:

    For Appellant,

        Harris, Jackson & Utick, Helena, Montana
        Andrew J. Utick argued, Helena, Montana

    For Respondent:

        Harrison, Loendorf & Poston, Helena, Montana
        Jerome T. Loendorf argued, Helena, Montana

                              Submitted:   June 7, 1977

                                 Decided:

Filed:

_____
                    Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

Defendant-insurer, Argonaut Insurance Company appeals from the findings of fact and conclusions of law, order and judgment of the workers' compensation court. The workers' compensation court ruled insurer was liable to claimant for compensation benefits due as the result of claimant's industrial injury.

On August 28, 1974, claimant suffered an industrial injury in the course of his employment with Zook Brothers Construction Co. An examining physician described the injury as a severe crushing injury to the left hand. Claimant incurred the injury when he was in the process of greasing a backhoe, one of claimant's duties as an oiler on heavy equipment. The backhoe operator moved the backhoe bucket,crushing claimant's hand.

The insurer accepted liability for claimant's injury and made compensation payments to claimant for temporary total disability during the period August 28, 1974, through October 3, 1975, pursuant to section 92-701.1,R.C.M. 1947. Claimant's disability status was changed to permanent partial disability and disability benefits were paid during the period October 4, 1975 through March 26, 1976. By letter dated October 10, 1975, insurer invited claimant to discuss a final settlement of the claim; the parties failed to reach any agreement on settlement of the claim.

By letter dated May 24, 1976, insurer advised claimant it had paid all benefits which claimant was entitled to under the Montana Workers' Compensation Act. On June 14, 1976 claimant filed a petition for hearing with the workers' compensation court alleging claimant was totally disabled as a result of his industrial injury of August 28, 1974, and was wrongfully refused com-

pensation benefits. Claimant sought a ruling of the workers'
compensation court ordering that:

"1. Claimant continues to be totally disabled as
a result of his industrial injury of January 1, 1976.

"2. That Defendant insurer wrongfully refused to reinstate
by-weekly compensation payments, and in accordance
with Section 92-701.1, R.C.M. 1947, the Claimant is en-
titled to temporary total disability payments at the
weekly rate provided by law, rectroactive to March 26, 1976,
and is entitled to weekly temporary total disability
payments as long as Claimant continues to be temporarily
totally disabled as a result of his industrial injury.

"3. Claimant is entitled to that amount of compensation
which represents the difference between the rate of
compensation he was paid and the rate he should have been
paid between August 28, 1974 and March 26, 1976.

"4. The Defendant has unreasonably refused to reinstate
compensation payments, and in accordance with Section
92-849, R.C.M. 1947, Claimant is entitled to an increased
award of ten (10) per cent in accrued weekly compensation
benefits.

"5. In accordance with Section 92-616, R.C.M. 1947, the
insurer shall pay reasonable costs and attorneys fees."
(Emphasis added.)

Hearing was held before the workers' compensation court
on August 31, 1976. On November 15, 1976, the workers' compensa-
tion court issued its findings of fact and conclusions of law
and order holding:

"CONCLUSIONS OF LAW

"1. That the claimant Harlen Jensen, was injured
in the course of his employment with the Zook Brothers
Construction Company on the 28th day of August, 1974.

"2. That the claimant is totally disabled within
the meaning of the Workers' Compensation Law.

"3. That the Defendant, Argonaut Insurance Company,
is liable to the claimant for all compensation provided
by the Workers' Compensation laws of the state of Montana,
which are due as a result of the injuries received by
claimant on August 28, 1974.

"4. That claimant is entitled to the payment of
reasonable attorneys' fees and for costs expended in
the course of the Workers' Compensation hearing and prep-
arations for the same." (Emphasis added.)

- 3 -

On December 6, 1976, the insurer petitioned the workers' compensation court for rehearing. Insurer's petition for rehearing was denied and judgment was entered for claimant on December 9, 1976. The workers' compensation court's judgment adopted the court's conclusions of law, set out heretofore, and set claimant's attorney fees and costs at $937.50.

On December 10, 1976, the Division of Workers' Compensation issued a memorandum. It reads in pertinent part:

> "The impairment rating as given by the attending physician of 5% has been paid out. There is no indication whether the Judge in his conclusion No. 2 refers to temporary total disability or permanent total disability, nor does it refer to any specific amount of compensation. Under the circumstances, I am unable to request the carrier to make any payments until we have some clarification as to what should have been ordered."

Insurer appeals directly to this Court, from the final judgment of the workers' compensation court, pursuant to section 92-852(2), R.C.M. 1947. McAlear v. Arthur G. McKee & Co., _____ Mont._____, 558 P.2d 1134, 33 St.Rep. 1337; Skrukrud v. Gallatin Laundry Co., Inc., ___Mont.____, 557 P.2d 278, 33 St.Rep. 1191.

The insurer presents two issues on review:

1. Whether the findings of fact and conclusions of law and order,and judgment of the workers' compensation court are intelligible and capable of comprehension?

2. If the first issue is resolved in the affirmative, whether there is substantial evidence to support the findings of the workers' compensation court?

The law is clear in Montana that the findings and decision of the workers' compensation court are presumed to be correct and if supported by credible evidence, must be affirmed. McAlear v. Arthur G. McKee & Co., supra; Skrukrud v. Gallatin Laundry Co., Inc., supra; Miller v. City of Billings, ___Mont._____, 555 P.2d 747, 33 St.Rep. 984.

The initial obstacle confronting this Court is determining the meaning of the conclusions of law and judgment of the workers' compensation court. The issues which confronted the workers' compensation court were:

1. Whether claimant is presently disabled, within the meaning of the Montana Workers' Compensation Act?

2. If claimant is found to be disabled, whether claimant's disability is total or partial, permanent or temporary?

3. To what amount of compensation is claimant entitled? The workers' compensation court concluded "claimant is totally disabled within the meaning of the Workers' Compensation Law" and insurer "is liable to the claimant for all compensation provided by the Workers' Compensation laws of the state of Montana". Such a holding is incomplete and fails to provide this Court with a final judgment capable of being reviewed on appeal.

We refrain from considering the second issue on appeal--
whether/substantial evidence to support the findings of the workers' compensation court, until its decision is clarified.

The cause is remanded to the workers' compensation court for clarification, consistent with this opinion.

Justice

- 5 -

We concur:

_____
Chief Justice

_____

_____

_____
Justices.