No. 13853

IN THE SUPREME COURT OF THE STATE OF MONTANA

1978

———————————

IN RE THE MARRIAGE OF
VELMA DUKE CAPENER,

Petitioner and Appellant,

-vs-

DARYL MAX CAPENER,

Respondent and Respondent.

———————————

Appeal from: District Court of the Fourth Judicial District,
Honorable Edward Dussault, Judge presiding.

Counsel of Record:

For Appellant:

Jordan, Sullivan and Baldassin, Missoula, Montana

For Respondent:

Mulroney, Delaney and Dalby, Missoula, Montana

———————————

Submitted on briefs: May 11, 1978

Decided: JUL 2 0 1978

Filed: JUL 2 0 1978

_Thomas J. Kearney_ Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Appeal by the appellant wife from a decree and judgment entered in a dissolution of marriage action, insofar as judgment relates to provisions for maintenance of the appellant wife. The decree was entered on December 30, 1976 in the Fourth Judicial District, Missoula County. This cause was submitted on briefs.

Appellant, Velma Duke Capener, age 45 and respondent, Daryl Max Capener, age 46, married June 5, 1953 in Logan, Utah. They had four children, one of whom was of age at the time of trial, and three of whom were minors, Steven D. Capener, 17; Scott Lee Capener, 15 1/2; and Shaun Michael Capener, 12. Respondent husband is a dentist, practicing through a personally owned professional corporation in Missoula.

When the parties married, the wife had been attending her second year of college, but she discontinued further schooling for herself in order to work fulltime, sometimes at two jobs, to help her husband finish school and acquire his professional education. Upon his graduation, he opened a dental office, but she continued to work for about twelve years after her marriage, interrupted from time to time by childbirth. Gradually his business income increased, and at his insistence, she gave up engaging in any gainful occupation during the last ten years of their marriage. About a year before the dissolution action commenced, she received a degree in Business Administration from the University of Montana and was working towards a master's degree at the time of the divorce. It does not appear that she has earned any income as yet as a result of her further education.

-2-

Whatever assets the marital unit accumulated came about during their marriage and not through inheritance or other sources.

Husband's income had become substantial from his thriving dental practice. In 1974, he formed his professional corporation, with himself and his wife as the officers. He drew $2,000 each two weeks as a salary, and received bonuses, reimbursements for auto expenses, travel and continuing legal education and other expenses. He leased dental equipment, his personal property, to his professional corporation. There was evidence in the trial, excepted to by the appellant wife, which indicates his average income for the three years immediately preceding the dissolution of about $35,000 each year after taxes.

The marital assets consisted of a family home, owned jointly but subject to a mortgage, some motor vehicles, household equipment and furniture, but principally the value of the assets of the professional corporation. The District Court ordered the sale and equal division between the parties of the net proceeds of the home; each party was to keep the motor vehicles in his or her own possession, the furniture and household goods were to go to the wife, and the assets of the professional corporation to the husband. Custody of the minors was given to the wife, with monthly payments for their support required of the husband in the sum of $200 per month for each child or the total of $600 per month. The wife was to receive $500 per month for one year.

The difficulty that this Court faces on this appeal is that the District Court did not make findings and conclusions which would reflect facts upon which this Court could base a proper appellate review. The only finding of fact which the Court makes with respect to the assets of the parties is Finding

No. 4 which recites "that the parties have acquired various assets which must be distributed". The only conclusion of law respecting the division of the marital property is Conclusion no. 3 which states "that the assets of the parties, as of this date, should be reasonably divided in an equitable manner". After making those findings, the Court proceeded in a final decree to make the provisions which we have above stated.

After entry of the decree, appellant wife moved the District Court to make adequate findings of fact or to amend the same or to grant a new trial. This motion was deemed denied because it was not acted upon within the required time (Rule 59(d) Montana Rules of Civil Procedure) and so wife appealed.

The issues raised by appellant wife may be principally stated as follows:

1. The Court failed to make adequate findings of fact with respect to the assets and property of the parties.

2. The Court failed to make adequate conclusions of law respecting the division of the marital property of the parties.

3. The evidence is insufficient to support the alimony award made by the District Court or the division of marital property.

4. The District Court erred in allowing evidence pertaining to "disposable income" of the appellee husband.

Rule 52(a) of the Montana Civil Procedure requires that the District Court in cases tried without a jury shall find the facts specially and state separately conclusions of law thereon and direct the entry of the appropriate judgment.

In Estate of Craddock, (1977) _____ Mont. _____, 566 P.2d 45, 46, 34 St. Rep. 487, 490, this Court stated:

-4-

"Rule 52(a) M.R.C.I.V.P. makes it mandatory that the District Court make findings of fact and conclusions of law in all actions tried upon the facts without a jury. Absent findings of fact and conclusions of law, this Court is forced to speculate as to the reason for the District Court's decision. Such a situation is not a healthy basis for appellate review. For this reason, we reverse the District Court's order and again remand this case to the District Court with instructions to make findings of fact and conclusions of law, * * *."

See also Jensen v. Zook Bros. Const. Co., et al. (1977) _____ Mont. _____, 568 P.2d 555, 557, 34 St. Rep., 1022.

Section 48-322, R.C.M. 1947, relating to maintenance for a spouse, and Section 48-323, R.C.M. 1947, relating to child support payments, are both parts of the Uniform Marriage and Divorce Act, enacted in 1975. These statutes set forth the factors upon which the District Court must make its determination of both maintenance and child support. The pertinent factors in those statutes, with findings of fact to support them, should be set out in the District Court's decision for otherwise the appellate court has nothing upon which to base its review. Jensen v. Zook Bros. Const. Co., et al., supra. It is important to the parties moreover, because under section 48-330, R.C.M. 1947, the statute providing for modification and termination of provisions for maintenance or support, the District Court can grant such modification or termination only if there is a showing of circumstances making the payments unconscionable. Unless proper findings and conclusions are entered in the first instance, the modification proceedings, should such occur, would be meaningless because there would be nothing upon which the Court could act, absent the proper findings and conclusions.

Moreover, because the findings do not reflect what assets of the parties the court considered, we cannot proceed on an

appellate level to determine the propriety of the division of the assets. We hold, therefore, that it is necessary to return this case to the District Court for the purpose of making the required factual determination under section 48-322, R.C.M. 1947. At this point we can only speculate as to the reasons the Court limited the maintenance payments to the wife. See Cromwell v. Cromwell, (1977) _ _____ Mont. _____, 570 P.2d 1129, 34 St. Rep. 1193.

During the trial, counsel for the husband, elicited from the husband figures as to his "disposable income" from a memorandum that had been prepared by the accountant for the husband. The accountant was not present to testify, and the original tax returns of the husband were not produced as evidence. The accountant's memorandum, respondent's exhibit no. 2, was never offered or admitted into evidence. Such evidence was clearly hearsay (Rule 801(c), Montana Rules of Evidence). In the retrial on the issue of income or monies available to the husband, such testimony should come from the husband's own personal knowledge based on his tax returns, or if an exhibit is used, from the person preparing it who will be subject to cross-examination.

No appeal is taken on this case on the award of custody of the minor children or from the decree dissolving the marriage. Accordingly, that portion of the decree relating to maintenance for the wife and division of the marital property are returned to the District Court for appropriate findings and conclusions on these issues. Further testimony shall be taken to reflect the present conditions of the parties relating to these items, consistent with this Opinion. Counsel for the parties are urged to proceed with all due haste in view of the

time that has elapsed since the entry of the decree of dissolution.

Effective on the date this Opinion is filed with the Clerk of this Court, the temporary order of the District Court, pendente lite, dated December 15, 1975, is reinstated to the extent that, beginning August 1, 1978, husband shall pay wife monthly the sum of $750 for her maintenance, and the further sum of $150 monthly for each minor child of the parties residing with the mother, until the further order of the District Court, or until final judgment is against entered in the cause.

Costs to the appellant.

_____
                    Justice

WE CONCUR:

_____
Chief Justice

_____

_____
Justices

Mr. Justice Daniel J. Shea deems himself disqualified from acting and did not participate in this case.

-7-