HARLEN JENSEN, Claimant, *v.* ZOOK BROTHERS CON-
STRUCTION COMPANY, Employer.

HARLEN JENSEN, Claimant, *v.* ARGONAUT INSURANCE
COMPANY, Defendant.

No. 14185.
Submitted on Briefs June 5, 1978.
Decided July 25, 1978.
Rehearing Denied Aug. 24, 1978.
582 P.2d 1191.

Andrew J. Utick, Helena, for claimant.

Harrison, Leondorf & Poston, Helena, for employer.

MR. CHIEF JUSTICE HASWELL delivered the opinion of the Court.

Employer (Zook Brothers Construction Co.) and Plan II insurer (Argonaut Insurance Co.) appeal from the Workers' Compensation Court's amended findings of fact, conclusions of law, and judgment of January 25, 1978, finding claimant to be permanently and totally disabled and awarding him compensation, attorney fees, and costs.

This appeal marks the second time these parties have been before this Court. On August 31, 1977, this Court rendered its opinion in *Jensen v. Zook Brothers Construction Co.* (1977), 174 Mont. 78, 568 P.2d 555. That opinion was limited to remanding the case to

the Workers' Compensation Court for clarification of its findings and conclusions.

On August 28, 1974, claimant Harlen Jensen, who was employed by Zook Brothers Construction Co., received a severe crushing injury to his left hand which arose out of and in the course of his employment. Insurer accepted liability and paid him weekly temporary total disability benefits pursuant to section 92-701.1, R.C.M.1947, through October 4, 1975. At that time insurer began permanent partial disability payments until March 26, 1976, when it terminated all payments.

Claimant petitioned the Workers' Compensation Court for a hearing on the termination of his benefits. A hearing was held on August 31, 1976, which resulted in findings of fact and conclusions of law that claimant was "totally disabled within the meaning of the Workers' Compensation Law" and insurer was "liable to the claimant for all compensation provided by the Workers' Compensation Laws of the State of Montana." It was from this original judgment that insurer appealed. In that appeal, this Court held that the judgment of the lower court was incomplete and failed to provide a final judgment capable of being reviewed on appeal. Therefore, the cause was remanded for clarification. *Jensen v. Zook Brothers Construction Co.*, supra.

On remand, the Workers' Compensation Court found that "Claimant is permanently and totally disabled within the meaning of section 92-441, R.C.M.1947" and that insurer was liable to claimant for weekly compensation benefits as provided for in section 92-702.1, R.C.M.1947. Insurer brings this appeal from this judgment.

On appeal, insurer raises the following issues:

1. Sufficiency of the evidence to support a finding of permanent total disability.

2. Is claimant limited to 200 weeks compensation under the specific injury statute (section 92-709, R.C.M.1947)?

The standard of review applicable in determining the sufficiency

of the evidence to support the findings of the Workers' Compensation Court has been stated in this language:

"Our function in reviewing a decision of the Workers' Compensation Court is to determine whether there is substantial evidence to support the findings and conclusions of that court. We cannot substitute our judgment for that of the trial court as to the weight of evidence on questions of fact. Where there is substantial evidence to support the findings of the Workers' Compensation Court, this Court cannot overturn the decision." *Steffes v. 93 Leasing Co. Inc. (U. S. F. & G.)* (1978), 177 Mont. 83, 580 P.2d 450, 452.

In accord: *Hayes v. J.M.S. Construction (Aetna Insurance Co.)* (1978), 176 Mont. 513, 579 P.2d 1225; *Robins v. Anaconda Aluminum Co.* (1978), 175 Mont. 514, 575 P.2d 67; *Bond v. St. Regis Paper Co.* (1977), 174 Mont. 417, 571 P.2d 372.

■ Applying this standard of review to the evidence in this case, we note that the evidence shows that claimant's injury was to his left hand and he is left-handed. Claimant testified that he has only worked on a ranch or on construction, and that as a result of his hand injury he can no longer do this type of work. Claimant cannot throw a rope or build and repair fences due to his injury. Claimant testified that when he uses his left hand he has pain up his arm to his elbow.

However, insurer maintains that because claimant has been able to do odd jobs since the injury, he is not permanently and totally disabled. Claimant testified that he had done some odd jobs for friends and relatives, such as back tagging cattle, driving a Cat, haying and other odd jobs. He also testified that he had difficulty performing these jobs and he could not perform them for any length of time.

We hold that this evidence is sufficient to support the finding of the Workers' Compensation Court that claimant is permanently and totally disabled despite the fact that he can and has done various odd jobs. As we have said before:

"* * * a man with a stiffened arm or damaged back or badly weakened eye will presumably have a harder time doing his work well and meeting the competition of young and healthy men. When a man stands before the Workers' Compensation Court with proven permanent physical injuries, for which the exclusive remedy clause has abolished all possibility of common-law damages, it is not justifiable to tell him he has undergone no impairment of earning capacity, solely on the strength of current pay checks." *Fermo v. Superline Products* (1978), 175 Mont. 245, 574 P.2d 251, 253.

Because claimant can perform a few odd jobs for short periods of time does not preclude a finding that claimant is totally and permanently disabled. This is especially true where, as here, the evidence shows that the claimant must work with a substantial degree of pain.

Where there is evidence of continuing pain from the injury, we have stated the rule:

"The evidence shows that * * * claimant cannot work without pain and he cannot endure the pain to work. This constitutes substantial evidence supporting a finding of total permanent disability." *Robins v. Anaconda Aluminum Co.* (1978), 175 Mont. 514, 575 P.2d 67, 72.

Here, claimant testified that he was suffering from pain; that he could endure the pain in his hand when he was not using it; but that when he used it, the pain increased and went up his arm. To do any job, claimant would have to use his hand and would be in pain. The evidence shows that he cannot work without pain and he cannot endure the pain to work.

Insurer, however, argues that the medical evidence does not support a finding of total permanent disability. Insurer contends that all of the doctors who have examined claimant's hand have determined that his injury has healed. One of those doctors did recommend additional testing despite his feeling that the injury had healed. The main thrust of insurer's argument is that claimant has only been given a 5% permanent partial disability rating by an or-

thopedic surgeon, who specialized in hand and arm injuries. This evidence alone, according to insurer, shows that the court erred in finding claimant to be permanently and totally disabled. We disagree.

This Court recently stated what effect was to be given medical impairment ratings in determining an injured worker's amount of disability.

"Many factors in addition to medical impairment ratings may be properly considered by the court in determining a claimant's disability. For this reason, impairment ratings do not conclusively establish limits on compensation awards in all cases; rather, such medical impairment ratings by physicians are simply expert opinion evidence constituting but one item of evidence to be considered along with other evidence presented." *Ramsey v. Duncan* (1977), 174 Mont. 438, 571 P.2d 384, 385.

Here, the Workers' Compensation Court considered this rating along with the other medical evidence and claimant's testimony about his pain and inability to do the same kind of work since the injury, and found claimant's testimony more weighty and credible than the impairment rating. The question of credibility of witnesses and the weight to be given their testimony is exclusively for the trier of fact, the Workers' Compensation Court, and we will not reverse its finding based on substantial, though conflicting, evidence. *Crittendon v. City of Butte* (1977), 171 Mont. 470, 559 P.2d 816.

For the foregoing reasons, we hold that the evidence is sufficient to support a finding that claimant is permanently and totally disabled.

We must next determine whether claimant is entitled to full compensation for permanent total disability or whether his compensation is limited by the provisions of the specific injury statute, section 92-709, R.C.M.1947.

For an injury to the hand, section 92-709 provides that the injured worker is entitled to compensation for a maximum of 200 weeks. Insurer argues that claimant is limited to that maximum,

and that it is immaterial that claimant is permanently and totally disabled. We disagree.

In our view, section 92-709 applies only to permanent *partial* disability compensation, and has no application to compensation for permanent total disability.

Under Montana's Workers' Compensation Act, there is a specific statute governing the amount of compensation to which a claimant with a permanent total disability is entitled, section 92-702.1, R.C.M.1947. This statute provides that such benefits "* * * shall be paid for the duration of the worker's total permanent disability" and makes no reference to section 92-709, the specific injury statute. This, in our view, indicates an intent on the part of the legislature not to limit compensation for permanent total disability to the maximum compensation for specified injuries provided in section 92-709.

In construing statutes, our function is simply to ascertain and declare what, in terms or in substance, is contained in the statutes and not to insert what has been omitted. *Myers v. 4 B's Restaurant, Inc.* (1977), 172 Mont. 159, 561 P.2d 1331, *State ex rel. Swart v. Casne* (1977), 172 Mont. 302 564 P.2d 983. Here neither statute makes reference to the other and there is no language limiting the compensation payable for permanent total disability to the maximums payable for permanent partial disability of specific members of the body.

Insurer's final argument is that section 92-709, R.C.M.1947, is the exclusive recovery provision for any of the injuries listed in the statute. This argument is without merit.

We have previously held that a claimant with one of the specific injuries listed in section 92-709 is not limited exclusively to that section. *Fermo v. Superline Products* (1978), 175 Mont. 245, 574 P.2d 251; *McAlear v. Arthur G. McKee & Co.* (1976), 171 Mont. 462, 558 P.2d 1134; *Lewis v. Anaconda Company*, (1975), 168 Mont. 463, 543 P.2d 1339; *Jones v. Claridge* (1965), 145 Mont. 326, 400 P.2d 888. These cases all involved claimants with permanent partial disability arising from injuries enumerated in

section 92-709. We ruled that the claimant could either recover under the specific injury statue (section 92-709) or recover for his loss of earnings resulting from the injury (section 92-703.1). Therefore, it cannot be said that section 92-709 is the exclusive recovery provision for injuries listed in that section.

"The usual statute provides for both total disability and specific loss of a leg [or hand], without expressly saying that either shall be exclusive. It can therefore be argued that, since the act must be given a liberal construction, destruction of the more favorable remedy should not be read into the act by implication in a case when claimant is able to prove a case coming under either heading. * * * To refuse total disability benefits in such a case, when total disability is otherwise established to the satisfaction of usual tests, has the effect of ruling out the inability-to-get-work element in a listed group of injuries which just happen to take the form of a neatly classifiable loss of member. (Bracketed material added.)" 2 Larson, Workmen's Compensation Law § 58.20, pp. 10-214 and 10-218.

In Montana the Workers' Compensation Act is to be liberally construed in favor of claimants. *Murphy v. Anaconda Co.* (1958), 133 Mont. 198, 321 P.2d 1094; *Rumsey v. Cardinal Petroleum* (1975), 166 Mont. 17, 530 P.2d 433. Thus we allow claimant to recover compensation for the full amount of his disability as provided in section 92-702.1 and decline to restrict his recovery to the limitations contained in section 92-709 by implication. This is consistent with our approach generally in all workers' compensation cases.

Judgment affirmed.

MR. JUSTICES DALY, SHEA and SHEEHY concur.