(587 P.2d 1)
No. 49,495

In the Interest of NICHOLAS WAYNE ATWOOD, a Child under the Age of 18 Years.

Opinion filed November 22, 1978.

*S. Mark Edwards,* of Hoover, Schermerhorn, Edwards and Pinaire, of Junction City, for the appellant Susan Atwood.

*Steven Hornbaker,* of Harper & Hornbaker, Chartered, of Junction City, for the appellant Gerald Atwood.

*Keith Lyman,* Assistant County Attorney, *Curt T. Schneider,* Attorney General, and *Michael E. Francis,* County Attorney, for the appellee.

*Victor A. Davis, Jr.,* of Weary, Davis & Henry, of Junction City, guardian *ad litem.*

Before FOTH, C.J., REES and PARKS, JJ.

PARKS, J.: Gerald and Susan Atwood, the parents of four-year-old Nicholas Wayne Atwood, are appealing a district court order wherein they were adjudged unfit parents and their parental rights permanently severed. Gerald and Susan were divorced prior to the district court hearing in this case and therefore appeal separately.

Recitation of the facts giving rise to the original petition is not required for disposition of these appeals.

We note that necessary prerequisites to the severance of parental rights are findings that the child is dependent and neglected and that the parents are unfit. To establish unfitness the state must show by clear and convincing evidence that the natural parents

are unsuitable, incompetent or not adapted for their roles as parents. *Cf. In re Penn,* 2 Kan. App. 2d 623, 585 P.2d 1072 (1978); *In re Nelson,* 216 Kan. 271, 531 P.2d 48 (1975); *In re Armentrout,* 207 Kan. 366, Syl. ¶ 3 and 370, 485 P. 2d 183 (1971). Here the trial court both orally and in its journal entry based its findings on the parents' inability to provide a proper home "except for dependence on some other state rehabilitation service." Such action by the court violates K.S.A. 1977 Supp. 38-802(*g*)(5), which clearly states that a child shall not be classed as a dependent and neglected child solely because of the fact that he or his parent, or both, receive assistance under the social welfare acts or otherwise receive support from public funds.

Mere conclusions that the child was dependent and neglected, that the parents were unfit and that parental rights should be severed, are inadequate to permit meaningful appellate review particularly where, as here, the only reason given by the trial court for its decision is statutorily prohibited. Good practice dictates that a trial court give reasons for its decision, advising the parties and the reviewing court of the standards applied which governed the determination and persuaded the trial court to arrive at its decision. Under the circumstances, this court has no alternative but to remand the case for new findings and conclusions. K.S.A. 60-252(*a*); Supreme Court Rule No. 165 (223 Kan. lxx); *Baker University v. K.S.C. of Pittsburg,* 222 Kan. 245, 254, 564 P.2d 472 (1977).

Since this case is being remanded for a new hearing, we deem it appropriate to consider the recognized policy and rules applicable to the termination of parental rights. To determine that the best interests of the child would be served by a termination of parental rights, the court must find that under no reasonable circumstances can the welfare of the child be served by a continuation of the parent-child relationship. This test requires the court to explore and specifically eliminate alternative remedies before imposing the drastic remedy of parental severance. See *People, Int. of M. M.,* 184 Colo. 298, 520 P.2d 128 (1974). The welfare and best interests of children are primarily the concern of their parents, and it is only when parents are unfit to have the custody, rearing and education of children that the state as *parens patriae,* with its courts and judges, steps in to find fitting custo-

dians *in loco parentium. In re Armentrout,* 207 Kan. at 370 citing *In re Kailer,* 123 Kan. 229, 255 Pac. 41 (1927). See also *In re Bachelor,* 211 Kan. 879, 882, 508 P.2d 862 (1973); *In re Vallimont,* 182 Kan. 334, 321 P.2d 190 (1958).

Judgment is reversed and the case remanded for a new hearing on all the issues in the light of intervening events and the views expressed in this opinion.