No. 80-65

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

_____

LESTER E. PINION,

                    Claimant and Respondent,

        -vs-

H. C. SMITH CONSTRUCTION CO.,
                    Employer,
        and

ARGONAUT INSURANCE COMPANY,

                    Defendant and Appellant.

_____


Appeal from:  Workers' Compensation Court, The Honorable William
              E. Hunt, Judge presiding.

Counsel of Record:

    For Appellant:

            Harris and Grant, Helena, Montana

    For Respondent:

            Tom L. Lewis, Great Falls, Montana

_____

                          Submitted on Briefs:  June 25, 1980

                                  Decided:  AUG 6 - 1980


Filed:  AUG 6 - 1980


_Thomas J. Kearney_
                                        Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

The employer and insurer bring this appeal from an order of the Workers' Compensation Court upholding a decision of the Workers' Compensation Division which granted claimant a waiver of the one-year period for filing a claim for compensation under section 39-71-601(2), MCA.

The issue in this case is based solely on testimony of claimant and his wife before the Administrator of the Division of Workers' Compensation. Claimant Lester E. Pinion, employed as an iron worker by H. C. Smith Construction Company, was injured on the job at the end of his shift on May 31, 1978, when he stepped into a hole hurting his knee and back. Shortly after the accident he orally reported it to his supervisors, who on June 2, 1978, filed a written report on a form supplied by appellant insurance company, detailing the accident. Although his knee and back were sore, claimant continued to work for H. C. Smith Construction for two months until July 31, 1978, when he quit and took a supervisory position with another company on an out-of-state job which lasted eleven months. During that thirteen-month period claimant and his wife treated the injury but did not see a doctor or file a compensation claim because they thought the injury would go away. The condition progressively worsened, and claimant was compelled to seek medical assistance when he returned to Montana. In August 1979 claimant was examined by an orthopedic surgeon who recommended a knee operation, which has since been performed. Pinion, unable to earn wages, filed a claim with the Workers' Compensation Division on September 17, 1979.

The sole issue on appeal is whether the order of the Workers' Compensation Division waiving the one-year statute of limitations for filing a claim for compensation, as authorized by section 39-71-601(2), MCA, is supported by substantial evidence.

Section 39-71-601(2), MCA, states:

> "The division may, upon a reasonable showing by the claimant of lack of knowledge of disability, waive the time requirement up to an additional 24 months."

In accordance with section 39-71-104, MCA, the Workers' Compensation Act has always been liberally construed in favor of the injured claimant. Rumsey v. Cardinal Petroleum (1975), 166 Mont. 17, 530 P.2d 433; State ex rel. Romero v. District Court of Eighth J.D. (1973), 162 Mont. 358, 513 P.2d 265; Ness v. Diamond Asphalt Company (1964), 143 Mont. 560, 393 P.2d 43. This Court in Williams v. Wellman-Power & Gas, Inc. (1977), ___ Mont. ____, 571 P.2d 90, 34 St.Rep. 1232, extended the rule of liberal construction to the above-mentioned 1973 amendment.

In Dumont v. Wickens Bros. Const. Co. (1979), ___ Mont. ___, 598 P.2d 1099, 1106, 36 St.Rep. 1471, we held that the scope of review of a decision of the Workers' Compensation Court upon appeal has been stated many times. The rule is well summarized in Jensen v. Zook Bros. Const. Co. (1978), ___ Mont. ___, 582 P.2d 1191, 1193, 35 St.Rep. 1066, 1068, in the following language:

> "The standard of review applicable in determining the sufficiency of the evidence to support the findings of the Workers' Compensation Court has been stated in the following language:
>
> "'Our function in reviewing a decision of the Workers' Compensation Court is to determine whether there is substantial evidence to support the findings and conclusions of that

court. We cannot substitute our judgment for that of the trial court as to the weight of evidence on questions of fact. Where there is substantial evidence to support the findings of the Workers' Compensation Court, this Court cannot overturn the decision.' Steffes v. 93 Leasing Co., Inc. (U.S.F.&G) (1978), Mont., 580 P.2d 450, 452, 35 St.Rep. 816, 818."

There also exists a presumption of correctness for findings of fact and conclusions of law of the Workers' Compensation Division, if supported by credible evidence, and the burden of proof is upon the party attacking them to show that they were clearly erroneous. Erhart v. Great Western Sugar Co. (1976), 169 Mont. 375, 546 P.2d 1055; Partoll v. Anaconda Copper Mining Co. (1949), 122 Mont. 305, 203 P.2d 974.

There is substantial credible evidence in the record to support both the decision of the Administrator and the decision of the Workers' Compensation Court that, "there has been a reasonable showing by the claimant of lack of knowledge of disability." Appellant has not met its burden of proof, and the decision of the Administrator, as affirmed by the Workers' Compensation Court, is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

-4-