No. 81-02

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

---

CLYDE NOVAK,

      Claimant and Respondent,

    -vs-

MONTGOMERY WARD & CO., INC., Employer,

      and

MONTGOMERY WARD & CO., INC.,

      Defendant and Appellant.

---

Appeal from: Workers' Compensation Court, The Honorable
William E. Hunt, Judge presiding.

Counsel of Record:

    For Appellant:

        Warden, Christiansen & Johnson, Kalispell, Montana

    For Respondent:

        D. Patrick McKittrick, Great Falls, Montana

---

Submitted on Briefs: July 2, 1981

Decided: November 6, 1981

Filed: NOV 6 - 1981

*Thomas J. Kearney*
Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

Claimant Clyde Novak filed a petition in the Workers' Compensation Court, against defendant-appellant, Montgomery Ward & Company, Inc., for a determination that he was entitled to continued benefits for temporary total disability after such benefits had been terminated by such employer. The Workers' Compensation Court found in favor of claimant. A petition for rehearing was filed and summarily denied. This appeal follows.

Claimant, a 55-year-old transport driver was working for Montgomery Ward & Co., Inc., when he suffered injuries to his right thumb and wrist. The injury occurred on December 7, 1976, when a refrigerator that Novak was lifting fell and smashed his hand and wrist.

Claimant reported the accident to his supervisor the next day and was told to see a doctor. The doctor surgically treated the right thumb but did not correct the problems with the wrist. Later, the claimant went to the company doctor who recommended that he consult a specialist. The specialist began treatments for the pain in the wrist. However, that specialist moved, and claimant had to see a different specialist. He is currently receiving treatment by the second specialist for the wrist problems.

Shortly thereafter a claim was filed for workers' compensation benefits. Claimant received temporary total benefits from December 7, 1976, until termination on May 2, 1979.

In February 1977 claimant suffered a heart attack which required open heart surgery. In November 1977, claimant's doctor felt that he could return to work, but he

-2-

was not to lift anything heavier than seventy pounds. When claimant reported for work, he was told by his supervisor that he was unacceptable because of the lifting restriction.

On April 17, 1979, a letter was sent to claimant by his employer informing him that his benefits would be terminated as of May 2, 1979. The letter stated that the benefits would be terminated because, ". . . you [claimant] have not sustained any permanent disability related to the thumb injury, and that all other medical problems are non-industrial related."

Claimant filed a petition in the Workers' Compensation Court on September 4, 1979, for reinstatement of the benefits. Trial was held on July 9, 1980. The Workers' Compensation Court found in favor of claimant, with the court ordering the following:

> "2. Claimant is entitled to be paid temporary total disability benefits from December 7, 1976, to September 27, 1979.
>
> "3. Claimant is entitled to an increase in his temporary disability benefits from December 7, 1976, to September 27, 1979, of 20 percent.
>
> "4. That the temporary total disability plus the 20 percent additional award shall be immediately paid to the claimant in a lump sum.
>
> "5. That claimant is entitled to be paid 198 weeks of benefits at his permanent partial rate, and this amount shall be paid to claimant in a lump sum.
>
> "6. That claimant is entitled to be paid attorney fees and costs in accordance with 39-71-612, MCA."

The issues presented by appellant can be summarized as follows: Whether the Workers' Compensation Court exceeded its authority and jurisdiction by improperly awarding the benefits, penalties and attorney fees.

This Court has repeatedly held that section 39-71-104, MCA, of the Workers' Compensation Act is to be liberally construed in favor of the injured claimant. Pinion v. H. C. Smith Construction Co. (1980), ____ Mont. ____, 619 P.2d 167, 37 St.Rep. 1355; Rumsey v. Cardinal Petroleum (1975), 166 Mont. 17, 530 P.2d 433; State ex rel. Romero v. District Court of Eighth J.D. (1973), 162 Mont. 358, 513 P.2d 265; Ness v. Diamond Asphalt Company (1964), 143 Mont. 560, 393 P.2d 43.

In *Pinion* this Court reiterated the scope of review of a decision of the Workers' Compensation Court by stating:

"In Dumont v. Wickens Bros. Const. Co. (1979), ____ Mont. ___, 598 P.2d 1099, 1106, 36 St.Rep. 1471, we held that the scope of review of a decision of the Workers' Compensation Court upon appeal has been stated many times. The rule is well summarized in Jensen v. Zook Bros. Const. Co. (1978), 178 Mont. 59, 61, 62, 582 P.2d 1191, 1193, in the following language:

"'Our function in reviewing a decision of the Workers' Compensation Court is to determine whether there is substantial evidence to support the findings and conclusions of that court. We cannot substitute our judgment for that of the trial court as to the weight of evidence on questions of fact. Where there is substantial evidence to support the findings of the Workers' Compensation Court, this Court cannot overturn the decision.' Steffes v. 93 Leasing Co., Inc. (U.S.F.&G.) (1978), 177 Mont. 83, 86, 87, 580 P.2d 440, 452." 619 P.2d at 168.

This Court went on to hold in *Pinion*:

"There also exists a presumption of correctness for findings of fact and conclusions of law of the Workers' Compensation Division, if supported by credible evidence, and the burden of proof is upon the party attacking them to show that they were clearly erroneous. Erhart v. Great Western Sugar Co. (1976), 169 Mont. 375, 546 P.2d 1055; Partoll v. Anaconda Copper Mining Co. (1949), 122 Mont. 305, 203 P.2d 974." 619 P.2d at 169.

Appellant contends that the Workers' Compensation

-4-

Court exceeded its authority and jurisdiction by awarding a penalty of 20 percent, attorney fees and a lump sum payment of 198 weeks at a permanent partial disability rate.

The penalty of 20 percent was properly awarded by the court pursuant to section 39-71-2907, MCA, which provides:

> "When payment of compensation has been unreasonably delayed or refused by an insurer, either prior or subsequent to the issuance of an order by the workers' compensation judge granting a claimant compensation benefits, the full amount of the compensation benefits due a claimant, between the time compensation benefits were delayed or refused and the date of the order granting a claimant compensation benefits, may be increased by the workers' compensation judge by 20%. The question of unreasonable delay or refusal shall be determined by the workers' compensation judge, and such a finding constitutes good cause to rescind, alter or amend any order, decision, or award previously made in the cause for the purpose of making the increase provided herein."

Here, appellant was found to have improperly terminated benefits to the claimant. The letter sent to claimant notifying him of the time and reason for termination was not supported by the medical evidence available. The letter failed to mention any wrist-related injuries, despite the fact the doctor's report indicated there was wrist pain and a limitation of use. The wrist pain and limitation of use was the result of the initial injury and that injury had persisted despite the various doctors' attempts to correct the problem. Finally, claimant testified that he did not receive the payments on time and that sometimes there had been delays for up to six months.

Section 39-71-611, MCA, provided substantial authority for the court to award attorney fees. This section provides:

> "In the event an insurer denies liability for

> a claim for compensation or terminates compensation benefits and the claim is later adjudged compensable by the workers' compensation judge or on appeal, the insurer shall pay reasonable costs and attorneys' fees as established by the workers' compensation judge."

It was found that the termination of benefits was improper because the insurer failed to ascertain any disability as a result of the wrist injury, even though it had knowledge of that injury. Wight v. Hughes Livestock, Inc. (1981), _____ Mont. _____, _____ P.2d _____, 38 St.Rep. 1632.

Appellant next alleges that because claimant failed to specifically plead for reclassification, the court cannot reclassify claimant and award a lump sum payment. In circumstances such as these, when a claimant makes a general claim for review of his status, the Workers' Compensation Court has the power to review a claimant's status and to determine a proper and fair solution. Section 39-71-2909, MCA. In this instance, the Workers' Compensation Court properly found that the healing period had ended and even though the claimant had not specifically asked for a change in benefits under section 39-71-703 or 39-71-705, MCA, it certainly was in the best interests of the claimant and in the best interests of judicial economy to resolve the entire matter.

Finally, appellant contends that claimant should not have been given a 90% disability rating and that claimant should not receive 198 weeks of benefits. Appellant bases its contention on an attending physican's medical impairment rating.

The rule in this state concerning impairment ratings has been set out in several recent decisions. In Ramsey v.

Duncan & Baier (1977), 174 Mont. 438, 440-441, 571 P.2d 384, 385, this Court held:

> "Many factors in addition to medical impairment ratings may be properly considered by the court in determining a claimant's disability. For this reason, impairment ratings do not conclusively establish limits on compensation awards in all cases; rather, such medical impairment ratings by physicians are simply expert opinion evidence constituting but one item of evidence to be considered along with other evidence presented. . ."

Also, in Jensen v. Zook Brothers Construction Co. (1978), 178 Mont. 59, 64, 582 P.2d 1191, 1194, this Court, in discussing what effect should be given to medical impairment ratings stated:

> "Here, the Workers' Compensation Court considered the rating along with other medical evidence and claimant's testimony about his pain and inability to do the same kind of work since the injury, and found claimant's testimony more weighty and credible than the impairment rating. The question of credibility of witnesses and the weight to be given their testimony is exclusively for the trier of fact, the Workers' Compensation Court, and we will not reverse its finding based on substantial, though conflicting, evidence. Crittendon v. City of Butte (1977), 171 Mont. 470, 559 P.2d 816."

In the instant case the Workers' Compensation Court determined from the claimant's testimony and the medical reports that the claimant is permanently partially disabled as a result of his industrial accident. This Court, in line with the above authority, will not second-guess the Workers' Compensation Court ruling.

Affirmed.

_____
                Justice

-7-

We concur:

_____
John Conway Harrison

_____

_____
Frank B. Morrison

_____
John C. Sheehy
Justices