No. 82-382

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

_____

KENNETH M. NIELSEN,

      Claimant and Appellant,

   -vs-

BEAVER POND, INC., Employer,

   and

FIREMAN'S FUND INSURANCE COMPANY,

      Defendant and Respondent.

_____

Appeal from:  Workers' Compensation Court, The Honorable Timothy
              Reardon, Judge presiding.

Counsel of Record:

    For Appellant:

        R. P. Ryan, Billings, Montana

    For Respondent:

        Earl J. Hanson, Billings, Montana

_____

Submitted on Briefs: February 10, 1983

Decided: April 7, 1983

Filed: APR 7 - 1983

_Ethel M. Harrison_
           Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

This case arises out of the insurance carriers termination of the claimants temporary total disability benefits. These benefits stemmed from two industrial accidents that took place in 1975 and 1976 while the claimant was an employee of a Bozeman sporting goods store. When the carrier terminated the temporary total disability benefits, it placed the claimant on permanent partial disability benefits. After a hearing before Judge Hunt, who was thereafter replaced as Workers' Compensation Judge, the temporary total benefits were temporarily reinstated. However, Judge Hunt was replaced by the present Judge before a final order was entered. To avoid additional time and expense, the parties, rather than conduct a new trial, stipulated that the new Judge decide the case on the record. After the stipulation, the Workers' Compensation Court refused to allow new evidence to be added and ruled in favor of the carrier.

Claimant was employed by the Beaver Pond, a sporting goods store in Bozeman. Beaver Pond was enrolled under Plan 2 of the Montana Workers' Compensation Act, with Fireman's Fund Insurance Company as their carrier.

On October 18, 1975, a customer brought a .270 caliber rifle into the Beaver Pond for repairs. While one of the store employees was handling the rifle, in the shop area, it discharged. The bullet struck the concrete floor and shattered into fragments of various sizes. These fragments, along with other debris, set in motion by the bullet's impact, struck the claimant in the right pelvic region, groin, penis, right thigh and chest.

Claimant underwent several surgeries to remove fragments in an attempt to alleviate pain. Although these operations did not completely eliminate the pain, the claimant returned to work.

On September 10, 1976, the claimant received a lower back injury by falling while he and another employee were moving a grinding machine in the shop area.

At the time of the second injury, he was making approximately $120 per week. He received temporary total disability of $80 per week from September 29, 1976, until November 28, 1976, at which time he was released and returned to work. Claimant then worked until April 25, 1977. He had a problem working during that period due to pain from both injuries. On April 25, he was restored to temporary total disability benefits, and received $80 per week until November 25, 1979, when the carrier reduced the claimant's benefits to permanent partial benefits of $73.50 per week.

Based on the carrier's action, the claimant petitioned the Workers' Compensation Court to have his benefits restored at the temporary total level. The carrier counter-claimed for final determination of the case. The Workers' Compensation Court found that the claimant was permanently partially disabled and refused a request for rehearing or to reopen the case. From these decisions, claimant appeals.

Two issues have been raised on appeal.

1. Whether it was error for the Workers' Compensation Court to find that the claimant's entitlement to temporary total disability benefits terminated on or before October 10, 1979?

2. Whether it was error for the Workers' Compensation Court to refuse to grant a rehearing or to reopen the case so that new evidence concerning the claimant's disability could be considered?

In dealing with the first issue of whether the claimant's temporary total disability benefits should have been terminated, we must look to the sufficiency of the evidence.

> "'Our function in reviewing a decision of the Workers' Compensation Court is to determine whether there is substantial evidence to support the findings and conclusions of that court. We cannot substitute our judgment for that of the trial court as to the weight of evidence on questions of fact. Where there is substantial evidence to support the findings of the Workers' Compensation Court, this Court cannot overturn the decision. Steffes v. 93 Leasing Co., Inc. (U.S.F.&G.) (1978), 177 Mont. 83, 86, 87, 580 P.2d 440, 452.' 619

P.2d at 168." Novack v. Montgomery Ward and Co. (1981), Mont. , 638 P.2d 390, 392, 38 St.Rep. 1803; Viets v. Sweet Grass County (1978), 178 Mont. 337, 583 P.2d 1070, 1071, 1072.

Although the claimant tried to supplement the record with material that may have changed the outcome, we believe that the Workers' Compensation Court acted properly in refusing it. There was no chance for the carrier to cross-examine the doctor on the proposed new reports and it was not part of the stipulated record. In our case of Hart v. J. J. Newberry Co. (1978), 179 Mont. 160, 587 P.2d 11, we made it clear that statements in medical reports not stipulated to or introduced into evidence may not be considered by the Workers' Compensation Court in rendering its decision. The reason that these documents must be in evidence is that documents which are not entitled to judicial notice must be put into evidence as this is the only method by which the opposing parties can make their objections known to the Compensation Court, and preserve their grounds for appeal. Hart v. J. J. Newberry Co., supra.

Based on the evidence in the record, as it was stipulated to by the parties, we believe that there is substantial evidence to support the Workers' Compensation Court's finding that:

"The preponderance of medical evidence clearly indicates that the claimant reached maximum healing and ceased to qualify for temporary total disability benefits on or before October 10, 1979."

None of the doctor's reports in the record indicate recent improvement in the claimant's condition; they seem to indicate that it was stable, and the Missoula evaluation panel gave the claimant an impairment rating of 6 percent of the whole person. Despite some parts of the record supporting the claimant's position, we believe that there is substantial evidence in the stipulated record to support the Workers' Compensation Court's decision.

On the second contention, the Workers' Compensation Court committed no error in refusing to grant a new trial and

- 4 -

rehearing. Rule 19 of the Workers' Compensation Court rules requires that a motion for rehearing be filed within twenty days after a party receives a copy of the order. This is the same time limit contained in section 92-829, R.C.M., 1947, (previously section 2955, R.C.M., 1921), which previous to its repeal in 1975, governed rehearings before the Industrial Accident Board, the predecessor to the Workers' Compensation Court. In interpreting that section, this Court held that ". . . the aggrieved party was in the same position as one moving for a new trial in an ordinary case, . . ." Shugg v. Anaconda Copper Mining Co. (1935), 100 Mont. 159, 166, 167, 46 P.2d 435, and under the present system this has not changed.

The claimant here failed to comply with the twenty-day deadline, as the findings and judgment were entered and mailed on August 11, 1982, and the motion for rehearing was not filed until September 7, 1982, and no extension was sought from the court.

Regarding the question of whether the Workers' Compensation Court should have reopened the case for the presentation of new medical evidence showing that the claimant's back injury was in a state of flux, section 39-71-2909, MCA, governs the procedure. It reads as follows:

> "Authority to review, diminish, or increase awards -- limitation. The judge may, upon the petition of a claimant or an insurer that the disability of the claimant has changed, review, diminish, or increase, in accordance with the law on benefits as set forth in chapter 71 of this title, any benefits previously awarded by the judge or benefits received by a claimant through settlement agreements. However, the judge may not change any final settlement or award of compensation more than 4 years after the settlement has been approved by the division or any order approving a full and final compromise settlement of compensation."

The appearance of a new and more serious feature of an injury justifies reopening of the case, Larson, Workers' Compensation Law, Vol. 3, §81:31, 15-489 - 15-495, under this section. Where such a feature is alleged by the claimant and the Workers' Compensation Court denies his application for reopening, it

should enter findings setting out the reasons for its refusal to reopen. Such findings are necessary so that this Court may see whether or not the Workers' Compensation Court's order is supported by the evidence.

Here, claimant submitted a motion to the Workers' Compensation Court after final judgment had been entered, entitled motion to amend findings; motion for rehearing; motion to reopen case to add evidence of subsequent events showing temporary total disability; motion for new trial, or rehearing to add evidence of subsequent events showing claimant temporarily totally disabled. We hold that such motion is sufficient to constitute a petition to reopen, based on Novack v. Montgonery Ward and Co., supra, where we stated that under section 39-71-2909, MCA, ". . . when a worker makes a general claim for review of his status, the Workers' Compensation Court has the power to review a claimant's status and determine a proper and fair solution." 638 P.2d at 392.

This case is affirmed in part and remanded for further findings on the question of whether the case should be reopened due to a change in the claimant's disability.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

- 6 -