No. 83-136

IN THE SUPREME COURT OF STATE OF MONTANA

1984

_____

JERI T. PAULSON,

            Claimant and Respondent,

  -vs-

BOZEMAN DEACONESS FOUNDATION HOSPITAL,

            Defendant and Appellant.

_____

APPEAL FROM:  Workers' Compensation Court, The Honorable Timothy
Reardon, Judge presiding.


COUNSEL OF RECORD:

    For Appellant:

        Crowley, Haughey, Hanson, Toole & Dietrich; T. G.
        Spear, Billings, Montana


    For Respondent:

        Halverson & Sheehy; William T. Kelly, Billings,
        Montana

_____

Submitted on Briefs:  September 8, 1983

Decided:  January 12, 1984


Filed:  JAN 12 1984

_____
                Clerk

Mr. Justice Frank B. Morrison, Jr. delivered the Opinion of the Court.

Glacier General Assurance Company (Glacier) appealed the Workers' Compensation Court's finding that Jeri Paulson (claimant) was permanently totally disabled as a result of an industrial accident. By motion of the appellant, that appeal has been dismissed. Remaining for decision is claimant's cross-appeal of the court's denial of the 20% penalty. We remand for findings.

On October 8, 1979, claimant was injured when she fell on a flight of stairs while working as a ward clerk at Bozeman Deaconess Hospital. Claimant struck the tops of both knees against a concrete step. Although claimant experienced pain in her legs, she continued working. Claimant was examined by a physician the same evening. She returned to work the next day but still suffered some pain from the fall.

Sometime after the accident, claimant began experiencing difficulty in remembering names and medications. In addition, she experienced dizziness and difficulty in maintaining balance. Claimant eventually quit her job as ward clerk and assumed other duties in the hospital whereupon she developed a limp in her left leg. In early December 1979 a Bozeman internist diagnosed her problem as a blocked artery in the left leg. On the basis of that diagnosis, claimant concluded nothing further could be done medically and that it was a problem she would have to tolerate. She stopped working at the hospital on August 7, 1981, because of continued physical problems.

Prior to the accident, the claimant had no major medical problems. In 1976, she did experience occasional right leg and thigh pain for which she received medication and underwent chiropractic treatment from 1976 to 1978.

After consulting with several doctors, claimant was diagnosed as having spinal stenosis on July 21, 1981. She was operated on for the condition on September 22, 1981 and was hospitalized for one week. It was determined that the spinal stenosis preexisted her industrial accident. Nevertheless, the doctor who operated stated that the spinal stenosis was aggravated by the accident. Several other doctors are in agreement. It was also determined that the claimant had multiple sclerosis prior to the accident. Upon consideration of the medical evidence presented, the Workers' Compensation Court eventually held that the pain and stress that resulted from the aggravation of the spinal stenosis possibly aggravated the multiple sclerosis. The Court thereupon determined claimant to be entitled to an award based upon total permanent disability. Glacier has withdrawn its appeal of this judgment.

Prior to the trial court decision, claimant had corresponded with Robert Stewart, a claims manager for Missoula Service Company which handles claims for Glacier General. In August, 1981, claimant wrote to Stewart, "[s]o I don't think of what (Workmen's Comp.) is doing for me as a favor - more like a little bit of what I've got coming. Thanks for your offer for an advancement - But I'll try to hold things off 'til then - though those two months are gonna be rough." In September, 1981, a total decompressive laminectomy was performed on claimant and Stewart sent her a check for $500.00. In February, 1982, claimant was offered $750 to settle and told she was actually owed nothing because the claim for compensation was not made within one year, as required by Section 39-71-601, MCA. As a result, claimant signed a settlement petition and returned it to Stewart. However, the Division of Workers' Compensation intervened and

3

refused to recommend approval of the petition because of the medical evidence indicating aggravation of the underlying condition.

Against this factual background, claimant sought an award of the 20 percent penalty for unreasonable delay or denial of claim under Section 39-71-2907, MCA. The trial court denied this relief, and claimant cross-appeals that decision.

The following issue is raised on appeal:

Did the trial court err in failing to award the 20 percent penalty under Section 39-71-2907, MCA sought by claimant?

Section 39-71-2907, MCA provides:

"Increase in award for unreasonable delay or refusal to pay. When payment of compensation has been unreasonably delayed or refused by an insurer, either prior or subsequent to the issuance of an order by the workers' compensation judge granting a claimant compensation benefits, the full amount of the compensation benefits due a claimant, between the time compensation benefits were delayed or refused and the date of the order granting a claimant compensation benefits, may be increased by the workers' compensation judge by 20%. The question of unreasonable delay or refusal shall be determined by the workers' compensation judge, and such a finding constitutes good cause to rescind, alter, or amend any order, decision, or award previously made in the cause for the purpose of making the increase provided herein."

Claimant argues that Glacier dealt unreasonably with her when it sought to settle the case on a disputed liability basis for $750. Claimant points out that an aggravation of a preexisting condition has always been compensable, and that Glacier inaccurately and incompletely advised claimant of her status under the law regarding the running of the statute of limitations.

Section 39-71-2907, MCA was not intended to eliminate the assertion of a legitimate defense by an insurer. Steffes v. 93 Leasing Co., Inc. (1978), 177 Mont. 83, 580 P.2d 450.

4

To prevail under that section, a claimant must show that the withholding or delay of payment was unreasonable. The determination of what is unreasonable is a question of fact. Smith v. Pierce Packing Co. (1978), 177 Mont. 267, 274, 581 P.2d 834, 838.

Although an aggravation of a preexisting condition is well recognized as a compensable injury, the question of whether there was an aggravation turns on the facts. With regard to the aggravation of claimant's multiple sclerosis, we uphold the trial court's determination that Glacier reasonably withheld payment on the legitimate theory that claimant's injuries were not compensable.

With regard to the aggravation of the spinal stenosis, however, we are in disagreement with the Workers' Compensation Court's findings and conclusions. Glacier was in receipt of medical verification of a compensable injury on July 28, 1981 when it received Dr. Wood's Division Physician's First Report which stated the low back condition "was definitely aggravated by that fall." Whether the negotiations and offers which followed that date amount to unreasonable delay or refusal is a question of fact which must be reconsidered by the trial court. It is clear to this Court, however, that claimant's letter in August, 1981 (Exhibit No. 23(a) at 24-25), does not amount to a decline of an offer of disability benefits. The Workers' Compensation Court's conclusion to that effect is clearly erroneous. The trial court must consider whether Glacier's offers from July 28, 1981 through the date of trial were reasonable in light of the medical verification they had received.

This cause is remanded to the Workers' Compensation Court with directions to reconsider and issue findings respecting application of the 20 percent penalty to denial of

5

the claim for aggravation of spinal stenosis. Originally there was an issue in this appeal regarding whether respondent should have been awarded benefits for multiple sclerosis. The appeal of this issue was dismissed after briefing. Claimant asks for costs and fees. We direct the court to award reasonable costs and attorneys' fees pursuant to Section 39-71-611, MCA as if claimant's benefits were based on an Order of this Court.

_____
Justice

We concur:

_____

_____
Chief Justice

_____

_____
Justices