No. 84-39

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

_____

CALVIN METZGER,

        Claimant and Appellant,

   -vs-

CHEMETRON CORPORATION,  Employer,

   and

LIBERTY MUTUAL INSURANCE CO.,

        Defendant and Respondent.

_____

APPEAL FROM:  Workers' Compensation Court, The Honorable
Timothy Reardon, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        William T. Kelly, P.C.
        Halverson, Sheehy & Prindle, Billings, Montana

    For Respondent:

        Garlington, Lohn & Robinson, Missoula, Montana

_____

Submitted on Briefs:  July 27, 1984

Decided:  September 19, 1984

Filed:  SEP 19 1984

*Ethel M. Harrison*

Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

This is an appeal by claimant from a Workers' Compensation Court order awarding permanent partial disability benefits. He challenges the court's application of our workers' compensation laws to the facts of his case, claiming, among other things, that his pain plus inability to find suitable work entitle him to permanent total disability benefits.

Claimant's arguments are without merit. The Workers' Compensation Court correctly applied the relevant case and statutory law. Its findings are supported by the record. We affirm the order and award.

The claimant and appellant, Calvin Metzger, suffered a back injury on April 8, 1980, when he attempted to free a twenty-five foot section of rail lodged in the roller assembly of a welding machine. Metzger was initially hospitalized for two days and then for two weeks while his attending physician attempted to alleviate the pain associated with the injury. From the time of his release from the hospital until early 1983, the claimant underwent a series of surgical procedures designed to relieve his pain. The procedures were, at best, unproductive and, at worst, counterproductive. Claimant continues to suffer pain. His condition has been diagnosed as low back instability accompanied by radiating leg pain. The Workers' Compensation Court determined that claimant had reached a medically stable condition and awarded 80 percent permanent partial disability benefits.

Claimant raises three issues on appeal:

1. Whether the Workers' Compensation Court erred in concluding that the claimant is not entitled to permanent total disability benefits;

2. Whether the court erred in determining that claimant has reached a medically stable condition; and

3. Whether the court erred in denying claimant's request for an award of the 20 percent penalty provided by section 39-71-2907, MCA.

I

The appellant bases his appeal of the determination of partial rather than total disability on the court's alleged failure to take proper account of his disabling pain and on the court's conclusion that claimant failed to establish the existence of no reasonable prospect of employment.

The court found that appellant appeared honest and straightforward, that he appeared to be uncomfortable and to have trouble sitting, and that he testified to suffering severe pain. Appellant erroneously relies on our holding in Robins v. Anaconda Aluminum Co. (1978), 175 Mont. 514, 575 P.2d 67, to assert that pain is not only a factor in determining disability but the factor. In Robins, we described pain as "another factor" to be considered in determining disability. Robins, 175 Mont. at 521, 575 P.2d at 71. The Workers' Compensation Court expressly included consideration of claimant's pain in finding 80 percent disability.

> "Our function in reviewing a decision of the Workers' Compensation Court is to determine whether there is substantial evidence to support the findings and conclusions of that court. We cannot substitute our judgment for that of the trial court as to the weight of evidence on questions of fact. Where there is substantial evidence to support the findings of the Workers' Compensation Court, this court cannot overturn the decision." (Citations omitted.) Nielsen v. Beaver Pond, Inc. (Mont. 1983), 661 P.2d 47, 49, 40 St.Rep. 489, 491.

Substantial evidence appears on the record to support a finding of partial disability.

Appellant claims that he is without reasonable prospect of employment. Section 39-71-116(13), MCA, defines permanent total disability as:

> "'Permanent total disability' means a condition resulting from injury as defined in this chapter that results in the loss of actual earnings or earning capability that exists after the injured worker is as far restored as the permanent character of the injuries will permit and which results in the worker having no reasonable prospect of finding regular employment of any kind in the normal labor market. Disability shall be supported by a preponderance of medical evidence."

Disability is not, however, a purely medical condition. Section 39-71-121, MCA. Our statutes do not assign the burdens of production and proof of the nonmedical elements of disability. The trial court relied on its holding in an earlier case:

> "To establish the existence of no reasonable prospect of employment in the normal labor market, a claimant must introduce substantial credible evidence of (1) what jobs constitute his normal labor market, and (2) a complete inability to perform the employment and duties associated with those jobs because of his work-related injury." Spooner v. Action Sales, Inc., III Workers' Compensation Court Decisions No. 85 (January 24, 1983).

We adopt the Spooner approach as an accurate application of the general rule that claimant bears the burden of establishing a right to compensation. Dumont v. Wickens Bros. Const. Co. (1979), 183 Mont. 190, 201, 598 P.2d 1099, 1105. See, Brurud v. Judge Moving and Storage Co., Inc. (1977), 172 Mont. 249, 563 P.2d 558 (excusing the failure to show reasonable efforts at finding employment where the trial court could foresee the futility of a search for very light

4

work by a sixty-two-year-old claimant with limited education and forty years of experience at heavy labor); Keene v. Anaconda Co. (Mont. 1982), 652 P.2d 216, 39 St.Rep. 1982 (holding that the trial court's finding that claimant could not return to his usual work did not support a conclusion that a thirty-two-year-old claimant, with varied experience and skills, had no reasonable prospect of finding regular employment); McCormack v. Sears, Roebuck & Co. (Mont. 1984), 682 P.2d 1357, 41 St.Rep. 979 (upholding an award of permanent total disability conditioned on claimant successfully pursuing vocational rehabilitation where the employer failed to rebut claimant's showing that his injury disqualified him from all work for which he had experience).

In the present case, claimant's therapist testified that claimant was able to engage in activities in his normal labor market. Both the therapist and claimant's physician urge claimant to return to work of a type consistent with his physical limitation. A rehabilitation specialist testified that claimant possesses the physical abilities, skills and experience to qualify him for available work.

Appellant accurately states that the burden of proof shifts to the employer to show that suitable work is available once claimant has presented evidence affirmatively showing that he cannot return to a job in his normal labor market. Claimant did not, however, make a prima facie showing of inability to find suitable work. In the almost four years between injury and trial, he applied for one job. Claimant voiced a willingness to return to work but voiced, also, an uncertainty as to his physical condition. Claimant's own uncertainty coupled with a minimal job search

5

cannot combine to support a claim of no reasonable prospect of employment.

Appellant seeks to excuse, as in Brurud, supra, his failure to present evidence of reasonable job search and raises the rule for the "odd lot" employee:

> "If the evidence of degree of obvious physical impairment, coupled with other factors such as claimant's mental capacity, education, training, or age, places claimant prima facie in the odd-lot category, the burden should be on the employer to show that some kind of suitable work is regularly and continuously available to the claimant." 2 Larson, Workmen's Compensation Law § 57.61.

Metzger is not an odd lot employee. The rule above is gleened from cases involving, among others, a sixty-one-year-old claimant suffering severe mental deficiency, a previously injured illiterate diabetic, a forty-year-old laborer with one month of formal education, and a seventy-year-old arthritic laborer. Larson, supra, at §§ 57.51 n. 96, 57.61 n. 25. Claimant, here, is twenty-eight years old, enjoys high manual dexterity skills, above average intelligence and has gained experience in a variety of job settings.

The trial court found that claimant's job possibilities and earning capacity are limited but that he had failed to establish that he had no prospects of employment. Adequate evidence supports the court's finding of partial disability.

II

Appellant challenges the Workers' Compensation Court's conclusion that he has achieved the stable medical condition necessary for a finding of either total or partial permanent disability. Temporary disability ends and permanent

6

disability begins when the injured worker "is as far restored as the permanent character of the injuries will permit." Section 39-71-116(19), MCA. The court found that claimant had reached a medically stable condition and made its finding of permanent partial disability based on claimant's existing condition.

Claimant initially petitioned the court for a finding of permanent total disability. Only in retrospect--and after the trial court's determination that claimant was partially rather than totally disabled--does claimant seek to characterize his condition as temporary. The phrase "as far restored . . ." does not translate into a requirement that claimant be "completely healed." Belton v. Carlson Transport (Mont. 1983), 658 P.2d 405, 408, 40 St.Rep. 158. Logic prevents such a conclusion. "Completely healed" would indicate the attainment of preinjury condition. The transition would then be one from temporary total disability to full recovery, and our provisions for permanent disability would take shape as mere irrelevancies. The legislature obviously did not intend that result.

Substantial credible evidence supports the trial court's finding that claimant has reached a medically stable condition. McDanold v. B. N. Transport, Inc. (Mont. 1984), 679 P.2d 1188, 41 St.Rep. 472. We will not disturb that finding on appeal.

III

Appellant additionally claims a 20 percent penalty for defendant's refusal to tender a partial lump sum advance. Section 39-71-2907, MCA, provides for an increased award where payment of compensation has been unreasonably delayed

or refused.  The determination of what is unreasonable is a question of fact.  Paulson v. Bozeman Deaconess Foundation Hosp. (Mont. 1984), 673 P.2d 1281, 41 St.Rep. 62.  The claimant was paid total disability payments up through the time of hearing.  He received partial lump sum advances totalling $6,000 plus overpayments totalling $7,287.97.  The trial court found, and we agree, that absolutely no basis exists for the consideration of a penalty.

We affirm the Workers' Compensation Court's determination and award of permanent partial disability.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices

8