MR. JUSTICE WEBER
delivered the Opinion of the Court.
The Workers’ Compensation Court found claimant to be permanently partially disabled and not entitled to temporary total disabil *497 ity benefits while he was being retrained. Claimant appealed. We affirm.
The determinative issue is whether the Workers’ Compensation Court erred in deciding claimant was not entitled to be paid continued temporary total disability benefits under Section 39-71-116(19), MCA, while he was in college being retrained.
Claimant was employed as a construction laborer by Rauenhorst Corporation when a %” drill fell approximately 85 feet from a building and landed in the middle of his back, fracturing a vertebra in the thoracic area of his back. Rauenhorst’s insurer, Continental Casualty Company, accepted liability and paid medical benefits and temporary total disability benefits. Claimant is now receiving permanent partial benefits, but would like to begin receiving temporary total benefits again while he is being retrained.
Six days after the accident, claimant went to a hospital emergency room, where X-rays were taken. After this initial examination claimant was seen several times by Dr. Richard A. Nelson, a neurologist. Dr. Nelson last physically examined claimant on July 31, 1984. Dr. Nelson diagnosed central injuries to the vertebra and/or to the disk, a fracture of the spinous process at T-10, and a small bony density that was thought to be causing a slight encroachment upon the the-cal sac. The thecal sac consists of strong fibrous sheaths which enclose the canal of the vertebra column. Dr. Nelson also said there was some innervation of the stomach muscles which would lead to some lifting restrictions.
Of central importance to this case, Dr. Nelson stated in his deposition that the claimant had reached maximum healing with regard to the tissues which had been fractured and that he had no argument with a three percent impairment rating being assigned to claimant. However, Dr. Nelson did not believe claimant should go back to his old job as a laborer because of the possibility of reinjuring his back. Dr. Nelson also recommended that a nuclear magnetic resonance (NMR) be done to determine if claimant could be helped by surgery. The NMR would have had to be performed somewhere outside of Montana.
Claimant also saw Dr. Henry H. Gary, a neurosurgeon, and Dr. Robert A. Sterling, an orthopedist, on February 11, 1986, almost a year and a half after Dr. Nelson’s last examination. Dr. Gary and Dr. Sterling found that claimant suffered from a fracture of the spinous process, but did not believe the encroachment upon the thecal sac was causing claimant any pain. Neither Dr. Gary nor Dr. Ster *498 ling gave any credence to Dr. Nelson’s innervation theory. Both Dr. Gary and Dr. Sterling agreed that claimant had reached full recovery as far as maximum healing was concerned and neither recommended further treatment.
The Workers’ Compensation Court found that:
“Given the differing medical opinions reached by Dr. Nelson on the one hand and by Drs. Gary and Sterling on the other, it is not surprising to find that there is also a degree of disagreement as to whether claimant has reached maximum healing.”
This issue of whether claimant had reached maximum healing is central to whether he is entitled to temporary total disability benefits.
Dr. Nelson declined to issue an impairment rating. However, Dr. Gary and Dr. Sterling concluded that claimant had reached maximum healing. Dr. Nelson listed several restrictions on claimant’s physical activities, including no climbing, only intermittent carrying of light weights, and limited walking. In contrast, Dr. Gary and Dr. Sterling released claimant to return to his previous employment without restriction.
Because of his back problems, claimant contacted the Social and Rehabilitation Services (SRS) whose services are offered to anyone with a vocational handicap. The SRS sponsored claimant and agreed to pay claimant’s tuition of $323 per quarter to attend Eastern Montana College as long as claimant maintains a 2.0 GPA. Claimant’s counselor at SRS testified Mr. Homme would have also been suitable for on-the-job training and would currently qualify for some positions which would not require any retraining.
Based upon the above outlined medical evidence, injury, and vocational potential, the Workers’ Compensation Court concluded that the claimant was not entitled to temporary total disability benefits under Section 39-71-116(19), MCA, while he was in college. Claimant appealed.
The issue is whether the Workers’ Compensation Court erred in deciding claimant was not entitled to be paid continued temporary total disability benefits under Section 39-71-116(19), MCA, while he was in college being retrained.
The standard of review we will use in this case is well settled:
“The function of this Court is to determine whether there is substantial evidence to support the findings and conclusions of the Workers’ Compensation Court. . . This Court will not substitute its judgment for that of the trial court as to the weight of the evidence *499 on questions of fact. . . Where there is substantial evidence to support the findings of the Workers’ Compensation Court, this Court will not overturn the decision . .
Tocco v. City of Great Falls (Mont. 1986), [220 Mont. 221,] 714 P.2d 160, 163, 43 St.Rep. 310, 314, citing Bond v. St. Regis Paper Co. (1977), 174 Mont. 417, 419, 571 P.2d 372, 373.
Claimant was injured on June 22, 1984. On that date, the definition of temporary total disability found at Section 39-71-116(19), MCA (1983), provided:
“ ‘Temporary total disability’ means a condition resulting from an injury as defined in this chapter that results in total loss of wages and exists until the injured worker is as far restored as the permanent character of the injuries will permit. Disability shall be supported by a preponderance of medical evidence.”
Although Section 39-71-116(19), MCA (1983), was amended effective October 1, 1985, we will not consider the amended statute since this Court has held that the statute in effect on the date of claimant’s injury controls. Buckman v. Montana Deaconess Hospital (Mont. 1986), [224 Mont. 318,] 730 P.2d 380, 43 St.Rep. 2216. Because amended Section 39-71-116(19), MCA, provides that [a] worker shall be paid temporary total disability benefits during a reasonable period of retraining”, we emphasize that this holding does not apply to cases determined under the statute as amended in 1985.
We will first discuss the implicit determination by the Workers’ Compensation Court that the claimant was not entitled to permanent total disability benefits while attending college. The Court considered the two-factor test contained in Metzger v. Chemetron Corporation (Mont. 1984), [212 Mont. 351,] 687 P.2d 1033, 41 St.Rep. 1788, and concluded that the claimant had “failed to carry his burden of proving [that] he is so vocationally disabled because of his injury that he has no reasonable prospect of finding employment in his normal labor market.” The two-factor Metzger test requires claimant to introduce substantial credible evidence of: (1) the jobs which constitute his normal labor market; and (2) a complete inability to perform the duties associated with those jobs because of his work-related injury. The court concluded that the claimant had failed to introduce substantial credible evidence showing that he was unable to perform the duties associated with his employment because of his work-related injury. We will discuss the evidence in more detail later, but conclude that the substantial credible evidencé supports the holding of the Workers’ Compensation Court *500 that claimant had a normal labor market, even absent retraining. We affirm the conclusion of the court that claimant was not entitled to permanent total disability benefits.
In order for claimant to receive temporary total disability benefits under the 1983 statute he must prove that his injury has resulted in a “total loss of wages” and his condition still exists because he is not “as far restored as the permanent character of the injuries will permit.” Section 39-71-116(19), MCA (1983).
Therefore, we will view the Workers’ Compensation Court findings of fact, conclusions of law, and judgment with an eye towards determining whether: (1) Mr. Homme’s injury resulted in his total loss of wages; and (2) whether his injury is as far restored as the permanent character of the injury will permit. Taking the second question first, the lower court determined that:
“Claimant has reached maximum healing, and is ‘as far restored as the permanent character of the injury will permit.’ Medically, claimant does not satisfy the statutory requirements for being temporarily totally disabled.”
This conclusion was reached after a careful discussion by the Workers’ Compensation Court of the medical testimony by Dr. Nelson, Dr. Gary, and Dr. Sterling. In essence, the court concluded that the medical evidence “undeniably weighs against Dr. Nelson’s innervation theory.” Regarding the healing of the fracture of the spinous process, both Dr. Gary and Dr. Sterling found that Mr. Homme had reached maximum healing. Dr. Nelson declined to issue an impairment rating. The Workers’ Compensation Court’s conclusion that Mr. Homme had reached maximum healing is supported by substantial evidence. Therefore, we affirm that conclusion.
Turning to the question of whether Mr. Homme’s injury has resulted in his total loss of wages, the lower court summarized the two vocational consultants’ testimony:
“. . . both of the vocational consultants who testified opined that claimant did have a normal labor market, even absent training.”
It is clear from the Workers’ Compensation Court’s conclusions that Mr. Homme’s injury has not resulted in his total loss of wages. Indeed, if Mr. Homme has had a normal labor market available to him since at least February 20, 1986, as the court found, then his injury has certainly not by necessity resulted in his total loss of wages.
Claimant also argues that the court was obligated to comment on testimony offered by five witnesses called by the claimant regarding his inability to work. In support of this argument, claimant cites *501 a section from Professor Larson’s treatise on Workers’ Compensation law which states that a decision may be reversed as arbitrary and unsupported if uncontradicted evidence is not followed. In this case, the Workers’ Compensation Court had deposition testimony from medical doctors, as well as testimony from two vocational rehabilitation experts, who concluded claimant was presently able to work. Since the testimony of the five witnesses does not qualify as uncontradicted evidence, the court’s failure to comment on each witnesses’ testimony is not reversible error.
We affirm the Workers’ Compensation Court’s conclusion that Mr. Homme is not entitled to temporary total disability benefits, but only the permanent partial benefits which he is receiving. Based upon our decision as stated above, we also affirm the court’s denial of the 20 percent penalty and attorney fees and costs.
MR. CHIEF JUSTICE TURNAGE and MR. JUSTICES HARRISON, GULBRANDSON and McDONOUGH concur.