No. 89-147

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

---

RUSSELL M. ALLEE,

Claimant and Appellant,

-vs-

ALUMINUM PRODUCTS AND ALPINE GLASS, INC.,
Employer,
and

STATE COMPENSATION INSURANCE FUND,

Defendant and Respondent.

---

APPEAL FROM: The Workers' Compensation Court, The Honorable Timothy Reardon, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

John H. Bothe; Bothe & Lauridsen, Columbia Falls, Montana

For Respondent:

W. D. Hutchison, Agency Legal Services, Helena, Montana

---

Submitted on Briefs: Aug. 10, 1989

Decided: September 20, 1989

Filed:

Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

The claimant, Mr. Allee, sought recovery of additional permanent partial disability benefits in the Workers' Compensation Court, and requested such benefits to be paid in a lump sum. The court found Mr. Allee suffered a 20% permanent partial disability and awarded him a total of 44 weeks of benefits. From this decision, Mr. Allee appeals. We remand for further findings of fact and conclusions of law.

The issues are:

1. Is the lower court's finding of 20% disability supported by substantial credible evidence?

2. Do the findings of fact and conclusions of law support the lower court's judgment that Mr. Allee is entitled to 44 weeks of permanent partial disability benefits?

Mr. Allee has worked as a ranch hand, an oil field laborer, an oil field large engine mechanic, a backhoe operator, a small truck driver, and a glazier. He first worked as a glazier for Powder Basin Glass in Gillette, Wyoming, in 1983. He became employed by the defendant, Aluminum Products and Alpine Glass, Inc. (Aluminum Products) of Kalispell, Montana as a glazier in June of 1985. His duties included the fabrication and installation of frames for glass and the installation of glass. He has worked as a glazier since 1983. Mr. Allee left high school in the eleventh grade. He is right-handed.

On January 9, 1986, while working on a window frame, 26 year-old Mr. Allee scratched his left hand with a six inch piece of aluminum. The next day, when his hand swelled and he noticed red streaks going up his arm, he went to the hospital emergency room where he received penicillin and tetanus shots. The infection worsened and subsequently required surgical drainage. The surgery was performed by Dr.

Paul Ruttle, an orthopedic surgeon located in Kalispell, Montana. Mr. Allee was hospitalized for eight days.

Aluminum Products is enrolled under Compensation Plan No. 3 of the Workers' Compensation Act and is insured by the State Compensation Insurance Fund. Mr. Allee filed his claim for compensation and received temporary total disability from Aluminum Products for the period of time he was off work due to the injury. He returned to work with Aluminum Products on February 11, 1986.

Dr. Ruttle remained as Mr. Allee's treating physician from the time of surgery on January 10, 1986, until September 21, 1987. Initially, he released Mr. Allee to return to light duty work, and released him to full duty work on January 21, 1987. As evidenced by Dr. Ruttle's office note on that date, Mr. Allee had "full range of motion of all fingers and thumb" and was "doing well."

Dr. Ruttle's notes of September 1, 1987, stated that the strength of Mr. Allee's left hand was approximately 75% of the right, and rated Mr. Allee as "approximately 10% permanent[ly] partial[ly] impair[ed] of the left upper extremity." This was the only medical impairment rating assigned to Mr. Allee. Aluminum Products paid Mr. Allee an impairment liability award of $146.50 per week for 20 weeks (10% of 200 weeks).

That was Dr. Ruttle's last examination of Mr. Allee. Dr. Ruttle was unavailable to testify in this matter, and there was no other medical expert testimony. Dr. Ruttle's office notes were stipulated into evidence.

The lower court's findings are summarized as follows: Since returning to work, Mr. Allee has been unable to tightly grip and carry thin objects, such as sheets of glass. He has had a loss of strength in his left upper extremity, including a loss of grip strength and finger pincer strength, a loss of

coordination and dexterity in the left hand, a loss of feeling in the left index finger, constant puffiness and swelling of the hand, contraction of the first web space on the left hand, and pain associated with the web space contraction. Because of the loss of strength in his left upper arm, his performance as a glazier has been limited. His left hand hurts him when he carries things, and it is easily fatigued. For lifting and carrying, he now requires the use of a suction cup. However, he has continued to work as a glazier since the accident. Due to a seasonal slowdown, he left Aluminum Products in January 1987 and went to work for his present employer, again as a glazier. Mr. Allee testified that he is able to perform all of the job requirements of his present employer. He receives fifty cents per hour more with his current employer than he did prior to the accident.

I

Is the lower court's finding of 20% disability supported by substantial credible evidence?

The lower court made the following pertinent findings of fact and conclusions of law:

Findings of Fact

> 13. Claimant has had a loss of strength in his left upper extremity, including a loss of grip strength and of finger pincer strength, a loss of coordination and dexterity in the left hand, a loss of feeling in the left index finger, constant puffiness and swelling of the hand, contraction of the first web space on the left hand, and pain associated with the web space contraction.
>
> 14. Because of the loss of strength in his left upper arm, it has limited the claimant in performing his job as a glazier. He experiences pain in his left hand when he is required to carry framing boxes and he easily fatigues with use of his left hand. He now requires the use of a suction cup and

relies more on his right hand for lifting and carrying.

Conclusions of Law

2. Claimant is permanently partially disabled as a result of the injury to his left hand on January 9, 1986, and entitled to 56 weeks of benefits at $146.50 per week for possible loss of future earning capacity under Sections 39-71-705 through 708. Defendant will receive credit for such benefits previously paid.

The factors considered by the Court in determining the percentage of disability include claimant's age, 29, and the fact that he has not gone beyond eleventh grade in school. His work history incudes heavy manual labor, which is still possible after his injury. His primary work as a full-time glazier since 1983 continues to be his choice of employment and by all indications he can continue in his employment without loss of income.

The facts of each permanent partial disability case are different and each must be decided on their own merits. Considering the 10 percent impairment rating of his upper left extremity, his loss of strength, limitation of his first web space in his left hand, the Court finds the claimant has suffered a 20 percent disability of the upper left extremity. Based on the schedule in Section 39-71-705, MCA, one hand between the wrist and elbow, he is entitled to 220 weeks of permanent partial disability benefits, times 20 percent equals 44 weeks of permanent partial disability benefits. This, times his permanent partial rate of $146.50, equals $6,446.00, less permanent partial benefits previously paid. (Emphasis added.)

Mr. Allee contends the lower court "ignored" his physical inability to return to oil field work and failed to consider the effects of his permanent loss of physical strength on his future earning capacity. He asserts that what he asked the court to consider was his prospective loss of earning capacity. Therefore, the lower court's conclusion that he could return to oil field work had an unfair and

significant effect on his entitlement to permanent partial disability benefits.

Section 39-71-116(12), MCA (1985), defines "permanent partial disability" as follows:

> "Permanent partial disability" means a condition resulting from injury as defined in this chapter that results in the actual loss of earnings or earning capability less than total that exists after the injured workers is as far restored as the permanent character of the injuries will permit. Disability shall be supported by a preponderance of medical evidence.

The purpose of workers' compensation is to protect the worker against economic loss. Hafer v. Anaconda Aluminum Co. (1984), 211 Mont. 345, 348, 684 P.2d 1114, 1116. It is a well established rule in Montana that a "claimant's age, education, work experience, pain and disability, actual wage loss, and loss of future earning capacity" determine permanent partial disability. (Emphasis added.) Holton v. F.H. Stoltze Land and Lumber Co. (1981), 195 Mont. 263, 266, 637 P.2d 10, 12. The lower court properly applied this rule.

In reaching the determination of 20% permanent partial disability, the record established that the lower court considered Mr. Allee's age of 29, his departure from high school in the eleventh grade, work history, medical evaluations, post-injury employment and his post-injury earnings. However, the lower court's conclusions of law manifest conflicting findings. Throughout its findings of fact and conclusions of law, the court repeatedly referred to Mr. Allee's 10% impairment rating of the upper left extremity. However, the court, without explanation, found 20% disability of the upper left extremity.

Mr. Allee contends that glaziers usually leave that occupation in their mid-thirties, hence his past work

experience and his alleged "inability" to do 50% of his past occupations anymore, directly effect his future earning capacity. Mr. Allee's testimony that glaziers only work into their mid-thirties before changing occupations is uncorroborated. In fact, he contradicted himself when referring to glaziers in the Billings area: "90 percent of them was between 25, 26 and 30, 40's." Similarly he testified "the oldest person in our shop is probably around his 40's."

Mr. Allee had the burden of proof to establish a loss of future earning capacity. Metzger v. Chemetron Corp. (1984), 212 Mont. 351, 687 P.2d 1033. He correctly notes the burden shifts to the employer after the claimant affirmatively shows that he cannot return to a job in his normal labor market. He argues that he is physically unable to return to work in the oil fields. He was a mechanic, a truck driver, and a backhoe operator in the oil fields. He testified he might be limited in doing backhoe work and that he had "started on the backhoes because [he] wanted out of the oil field." We agree with the lower court that the record does not support his argument. However, based on the inconsistency of the lower court's findings, we remand this issue for further findings of fact and conclusions of law to determine the percentage of disability.

II

Do the findings of fact and conclusions of law support the lower court's judgment that Mr. Allee is entitled to 44 weeks of permanent partial disability benefits?

The parties dispute the maximum number of weeks under the schedule of benefits to which Mr. Allee is entitled under § 39-71-705, MCA. Mr. Allee argues that he is entitled to a maximum of 280 weeks for "loss of an arm at or near the shoulder" because the impairment rating was made concerning his left upper extremity. Aluminum Products contends Mr.

his left upper extremity. Aluminum Products contends Mr. Allee's injury is limited to his left hand, limiting his entitlement to a maximum of 220 weeks. The relevant statute is § 39-71-705, MCA (1985), which follows in pertinent part:

> Compensation for loss of certain body members or loss of hearing. (1) In addition to temporary total disability benefits allowed in this chapter, indemnity benefits for loss of a member shall be paid at the weekly rate provided in 39-71-703 and shall be paid for the following periods:
>
> one arm at or near shoulder . . . . . . . . 280 weeks
> one arm at the elbow . . . . . . . . . . . 240 weeks
> one arm between wrist and elbow . . . . . 220 weeks
> one hand . . . . . . . . . . . . . . . . . 200 weeks

It is Mr. Allee's contention that the court recognized that he has had a loss of strength in his "upper left extremity" but failed to correctly find that he was entitled to 280 weeks of permanent partial benefits under § 39-71-705, MCA (1985). Aluminum Products argues that because injury was to the hand, and the "residual impacts" of the injury are to the hand, the court's conclusion was logical and supported by substantial credible evidence.

In its conclusions of law, the lower court repeatedly stated that Mr. Allee was entitled to "44 weeks of benefits." At one point it said "56 weeks." Mr. Allee contends that the combination of the references to the "upper left extremity" and "56 weeks" indicates that the court erroneously concluded that he receive only "44 weeks" of benefits. We agree.

Throughout its findings of fact and conclusions of law, the court repeatedly referred to Mr. Allee's injury to the "left upper extremity" and "left upper arm." Although § 39-71-703, MCA, allows 280 weeks for such an injury, the lower court concluded that Mr. Allee was entitled to only 220 weeks, which is the compensation allowed for "one arm between

wrist and elbow." This is inconsistent. Furthermore, in its conclusions of law the court's first reference to the period of benefits, stated Mr. Allee was "entitled to 56 weeks of benefits." This corresponds with the court's findings of injury to the "left upper extremity." But then, without explanation, the court changed to "44 weeks."

We hold that the findings of fact and conclusions of law are conflicting within, and remand this issue to the Workers' Compensation Court for further findings and conclusions as to the weeks of permanent partial disability allowed.

Remanded.

Justice

We concur:

Chief Justice

Justices