*92 JUSTICE WEBER
delivered the Opinion of the Court.
Claimant, Perry Hofferber, appeals from a judgment in the Workers’ Compensation Court, State of Montana, Helena, Montana denying him temporary total disability benefits.
The sole issue for our review is whether the Workers’ Compensation Court erred in refusing to grant Hofferber temporary total disability benefits for the period between February 14, 1991, when his doctor advised him that his knee required further surgery, and January 14, 1992, the date of his most recent knee surgery.
On October 13, 1980, Perry Hofferber (Hofferber) suffered an industrial injury to his right knee arising out of and in the course of his employment with Plago Mining, Inc., in Lewis and Clark County, Montana. Plago Mining, Inc. was insured by Industrial Indemnity Company (Industrial), the defendant in this case.
Industrial accepted liability for Hofferber’s initial injury and paid benefits from the time of the injury through April 8, 1981. Dr. Carpenter, a Helena orthopedic surgeon, performed surgery on January 7, 1981, to remove a popliteal cyst from Hofierber’s right knee. On April 8,1981, Dr. Carpenter released Hofferber to return to work, as he felt Hofferber had reached a medically stable condition and had attained maximum healing at that time.
From April 1981 to July 1985, Hofferber worked as a self-employed carpenter. Although he had continued to have problems with his knee, as a self-employed carpenter, he could take breaks and days off if necessary because of the pain. On July 24, 1985, Hofferber began seeing Dr. Humberger in Bozeman. Dr. Humberger performed arthroscopic surgery on the right knee on September 12, 1985. Dr. Humberger’s opinion was that the problems Hofferber experienced which resulted in the second surgery in 1985 were a direct result of the original 1980 injury.
Hofferber began attending Montana State University in Bozeman in the fall of 1985 and continued to do so through the time of the trial. In the fall of 1990, he again began to experience problems with his right knee. Because Dr. Humberger was then out of the country, his office referred Hofferber to Dr. Lowell Anderson, who examined him in February of 1991. After performing some diagnostic tests, Dr. Anderson recommended further arthroscopic surgery. Hofferber did not have surgery at that time. He continued to attend MSU. Dr. Anderson testified that the surgery would have kept Hofferber from attending school for only one or two days. Hofferber finally had the *93 knee surgery performed in January 1992, after the Workers’ Compensation Court’s December 6,1991 decision entitling Hofferber to medical benefits based on the original 1980 injury.
Hofferber received temporary total disability benefits from the date of his injury in October 1980 until he reached maximum healing in April 1981. An April 1,1991 decision of the Workers’ Compensation Court awarded him temporary total disability benefits for the period of time between September 12,1985 and May 12,1986, the period of recovery from the second surgery. The Workers’ Compensation Court’s December 6, 1991 judgment entitles Hofferber to receive temporary total disability benefits for the period of time from the date of the January 1992 surgery until the date of maximum healing following that surgery.
I.
Did the Workers’ Compensation Comb err in refusing to grant Hofferber temporary total disability benefits retroactively from the date he was advised to have a third surgery to the actual date of the surgery?
Hofferber contends that he should receive temporary total disability benefits not only for the time from the third surgery to maximum healing, but also retroactively from the date of that surgery, January 14, 1992, back to February 14, 1991, the date Dr. Anderson first recommended the surgery. He contends that he meets the definition of temporary total disability as of February 14, 1991 until he reaches the end of his healing period following surgery. The applicable statute in effect at the time of Hofferber’s injury reads as follows:
“Temporary total disability” means a condition resulting from an injury as defined in this chapter that results in total loss of wages and exists until the injured worker is as far restored as the permanent character of the injuries will permit. Disability shall be supported by a preponderance of medical evidence.
Section 39-71-116(19), MCA (1983).
This statute requires two things: (1) that the injury result in total wage loss, and (2) that the injured worker is not as far restored as the permanent character of his injuries permits. Clearly, as the Workers’ Compensation Comb found, Hofferber’s condition was not “as far restored as the permanent character of the injuries” would permit at the time he sought medical treatment in February of 1991. This second factor is not relevant to our discussion here.
*94 Hofferber contends that he meets the first prong of the statutory definition merely by earning no wages from February 14,1991 to the time of trial before the Workers’ Compensation Court. Industrial contends that Hofferber, not the insurer, must prove that he suffered a total loss of wages and that he was unable to work. Hofferber, on the other hand, argues that the surgery had to be postponed until after the trial because the insurer refused to pay medical expenses and, therefore, that he had to wait until the Workers’ Compensation Court ruled on the issue. He claims that the doctors refused to treat him without cash payment in advance and that he could not afford to pay for the surgical procedures in advance.
Hofferber cites Linton v. City of Great Falls (1988), 230 Mont. 122, 749 P.2d 55, to support his argument that he need not show a loss of earning capacity, as opposed to loss of wages, in order to receive temporary total disability benefits based on Section 39-71-116(19), MCA. In Linton, we held that a claimant whose injury caused him to actually lose wages because of his inability to return to work could receive such benefits. Linton, 749 P.2d at 61. Such is not the case here. Despite Hofferber’s argument that he was not working in February 1991, he presented insufficient medical or other evidence to establish that he was unable to work. His choice not to work was purely voluntary because he decided instead to continue his college education. Under these circumstances, Section 39-71-116(19), MCA, requires the claimant to prove by a preponderance of the evidence that he is unable to work.
When a claimant is voluntarily out of the job market attending college, it is not sufficient to show that he earned no wages. Thus, the Workers’ Compensation Court’s denial of temporary total disability benefits based upon Homme v. Rauenhorst Corp. (1987), 227 Mont. 495, 740 P.2d 1110, is not error. The claimant in Homme sought temporary total disability benefits following his healing period and restoration to a condition “as far as the permanent character of his injury” would permit. Throughout the applicable time period, he attended college. We concluded that he could not receive benefits while he was in college being retrained because he “had a normal labor market” in which to search for a job, even though he could not work at the same job that he had prior to his injury. Homme, 740 P.2d at 1114. In this case, Hofferber did not meet the statutory requirements because he attended college and failed to prove that he was unable to work or that his training was part of a rehabilitation program.
*95 We conclude that the Workers’ Compensation Court did not err when it refused to allow retroactive temporary total disability benefits from February 14, 1991 to January 14, 1992.
We affirm.
CHIEF JUSTICE TURNAGE, JUSTICES HARRISON and GRAY concur.